STREETER *v.* HENLEY.

Assumpsit upon a note payable in a horse worth 40 dollars and in cash notes for the balance. The third and fourth pleas stated that the note was given in consideration of a tract of land conveyed by deed with a covenant against incumbrances; that at the time of the conveyance there

were unpaid taxes on the land unknown to the defendant; that the land was sold for these taxes and certificate given to the purchaser. *Non assumpsit* was also pleaded. *Held,* that the pleas were bad because they did not show that the land was not redeemable, or that there was an eviction under the incumbrance. *Held,* also, that the sustaining of demurrers to these pleas was no injury to the defendants; for, if the pleas were a defence, the facts stated in them could have been proved under the general issue.

The fifth plea alleged that, on the day the note became due, the defendant offered to deliver to the payee a horse worth 40 dollars; that he always had on hand a horse worth that amount ready to pay on the note; that the payee refused to receive the horse. *Held,* that the plea was bad, as there can be no legal tender in such case but of the whole that is due.

Promissory notes which are tendered in payment, should be indorsed.

A note payable in property may be declared on without setting out the consideration.

APPEAL from the *Delaware* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit on a note given by the defendant, *Henley*, to one *Jobs*, on the 23d of *March*, 1846, and assigned, on the 18th of *April* following, by the payee to the plaintiff. The note was for the payment, on the 15th of *April*, 1846, of 60 dollars, in a horse worth from 40 to 55 dollars, and in cash notes on different individuals for the balance.

The defendant pleaded six pleas in bar. The first plea states that the defendant, on the 15th of *April*, 1846, tendered to *Jobs*, the payee, in discharge of the note sued on, a horse of the value of 40 dollars, and cash notes on different individuals for the balance, &c.; and that the tender was refused. Verification.

The second plea is similar to the first.

Replications in denial of those first two pleas. Issues thereon.

The third plea states that the note was given in consideration of a tract of land, conveyed by the payee to the defendant by deed with a covenant against incumbrances; that, at the time of the conveyance, there were unpaid taxes on the land which were not known to the defendant; that the land was afterwards sold for those taxes, and a certificate of the sale given to the purchaser. Verification.

The fourth plea is similar to the third. General de-

murrers to the third and fourth pleas. Joinders in demurrer.

The following is the fifth plea: To so much of the cause of action as relates to the delivery of a horse, the defendant says that, on the day the note became due, he offered to deliver to the payee a horse worth 40 dollars; and that he has always had on hand a horse worth 40 dollars ready to pay on the note to any person authorized to receive him; but that the payee refused, on said day, to receive the horse. Verification.

General demurrer to the fifth plea. Joinder in demurrer.

Sixth plea, non assumpsit.

The demurrers to the third, fourth, and fifth pleas were sustained.

The issues in fact on the replications to the first and second pleas, and the issue on the sixth plea, were submitted to the Court.

Judgment for the defendant.

The third and fourth pleas are very defective. Neither the amount of the taxes, nor the names of the purchasers at the tax-sale, are given; and the land, for any thing shown, was redeemable. These pleas rely on a breach of covenant against incumbrances; but they do not show the defendant to have been injured by the incumbrance. No eviction under the incumbrance is shown. Had the defendant paid the taxes, he might have thus lessened the amount recoverable on the note; but no such payment is alleged. The demurrers were rightly sustained. *Whisler* v. *Hicks*, 5 Blackf. 100.—*Smith* v. *Ackerman*, id. 541.—*Clark* v. *Snelling*, at this term (1). Besides, had these pleas been a defence, the sustaining of the demurrers to them would not have injured the defendant, as he might, in that case, have proved the facts, stated in the pleas, under the general issue. *Shanklin* v. *Cooper*, 8 Blackf. 41.

The fifth plea is also bad. The note being an entire demand payable on a certain day, the plaintiff was not bound to receive the horse without the notes. He had

not contracted to do so. In the case of a note payable in money on a certain day, the payee is not obliged to receive the money in parcels. The law must be the same where the note is payable in different kinds of goods. There is here but one contract—a promise to pay 60 dollars, on a certain day, in a horse and cash notes—and there can be no legal tender, in such cases, but of the whole that is due. Chip. on Cont. 40.—Pothier on Obl. Nos. 498, 499.—*Heskett* v. *Fawcett*, 11 Mees. and Welsb. 356, per Parke, B.

The plaintiff contends that the evidence does not support the judgment.

The note and assignment, described in the declaration, were given in evidence by the plaintiff.

The question raised on the evidence is, whether or not the defendant proved a legal tender.

The material facts relative to the tender are as follow:

On the day fixed by the note sued on for the delivery of the property, an agent of the defendant tendered to the payee, in discharge of the note, a mare worth 40 dollars, and also cash notes, (that is, promissory notes,) on different individuals to the amount of 20 dollars. The tender was refused. The notes tendered were not indorsed by the defendant, nor was there any offer made to indorse them. No description of the notes tendered was proved.

Supposing that the suit would have been barred by a proper tender and a refusal of the property, as to which we give no opinion, it is evident that the tender, to produce that effect, should have been of all the property contracted for. Here, the notes offered were not indorsed, nor offered to be indorsed, by the defendant; nor were they shown to be transferable without indorsement. The notes, therefore, were not legally tendered, and the pleas of tender were not proved.

The defendant objects to the declaration, because the consideration of the note sued on is not set out; but the objection is not tenable. It has been held that, under the statute of 1843, a note for money payable on a contin-

gency, may be declared on without setting out the consideration. *Nichols* v. *Woodruff*, 8 Blackf. 493. We think the note now in question, which is payable in property, is also within the statute. It was not necessary, therefore, to set out the consideration. R. S. 1843, pp. 576, 577.

*May Term, 1849.*

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded for another trial. Costs here.

*T. J. Sample*, for the appellant.

*W. March*, for the appellee.

