HENLY *v.* STREETER.

Assumpsit on a note for the payment, on, &c., of 60 dollars, in a horse worth from 40 to 55 dollars, and in cash notes on different individuals for the balance.

*Held*, that a horse worth less than 40 dollars, or notes not indorsed, were not a legal tender upon the contract.

A trial upon an immaterial issue can not be alleged for error by the party who tendered the issue.

APPEAL from the *Delaware* Circuit Court.                    *Monday,*
                                                            *June 5.*

DAVISON, J.—*Streeter* sued *Henly* in assumpsit on a note for the payment, on the 15th of *April*, 1846, of 60 dollars, in a horse worth from 40 to 55 dollars, and in cash notes on different individuals for the balance. The note was given by *Henly* to one *Jobs*, and by him, on the 18th of *April*, 1846, assigned to *Streeter*.

There were two pleas. The first is, that *Henly*, on the 15th of *April*, 1846, tendered to *Jobs*, the payee, in discharge of the note sued on, a horse of the value of 40 dollars, and cash notes on different individuals for the balance, &c., and that the tender was refused, &c. Replication in denial of this plea. The second plea alleges, that the consideration of the note in suit was an agreement to convey to *Henly* a certain tract of land upon the payment of the note, and then avers that the said note was assigned without consideration, &c. To this plea *Streeter* replied, that for the

May Term, 1854.

HENLY
v.
STREETER.

assignment there was a valid consideration, &c.   Trial by the Court.   Motion for a new trial and in arrest overruled. Judgment for *Streeter.*

Relative to the tender, the facts proved were these:

On the day fixed by the note for the delivery of the property, one *Pugh, Henly's* agent, offered the payee, in discharge of the note, a mare at 40 dollars, and also promissory notes on different individuals to the amount of 20 dollars.   *Pugh* had the notes in his pocket-book, which he took out of his pocket; but he did not show the notes to the payee, nor did he give him a description of them. The notes were not indorsed.   When the property was offered, the payee said he would take it; but, upon looking at the mare, stated that he would not receive her until she was appraised; that if she was appraised at 40 dollars he would take her.   Thereupon the payee and *Pugh* mutually agreed on two persons to appraise the mare.   By the appraisers thus chosen she was valued at 37 dollars and 50 cents.   The payee then declined taking any of the property.   Upon the inquiry whether the mare was really worth 40 dollars, the testimony was conflicting; but the preponderance seems to be that she was not worth that amount.

The first plea, in our opinion, was not sustained.   The effect of a tender correctly made, is to vest the creditor with the legal title to the property tendered.   Without indorsement, the title to the notes offered could not be transferred.   The notes were not indorsed, and therefore, in the consideration of this case, cannot be regarded as the subject of a legal tender.   Nor does the evidence set out in the record result in proof that the mare was of value sufficient to meet the requirements of the note sued on.

But the appellant contends that the issue submitted on the second plea was immaterial.   If that be so, still he is bound by the judgment.   The second plea was clearly defective, and constituted no defence to the action.   As he made the first fault in pleading, the error is one which he can not properly set up.

*Per Curiam.*—The judgment is affirmed, with 5 per
cent. damages and costs.

*W. March,* for the appellant.

*T. J. Sample* and *D. Kilgore,* for the appellee.