## WADE *v.* GUPPINGER ET AL.

INSTRUCTION TO JURY.—*Exception to, how Taken.—Practice.*—The statement " given and excepted to," unsigned, following an instruction given to a jury, is not a proper exception, as required by section 325 of the practice act.
SAME.—*Contract to Transfer Promissory Note.—Endorsement.—Burden of Proof.* —In an action on a contract for the transfer to the plaintiff, by the de-

fendant, of a certain promissory note, an instruction to the jury, that, if such contract was made for a valuable consideration, the transfer should " be made by endorsement, unless a different agreement is made by the parties," and that the burden of proof is upon the defendant to establish the latter agreement is correct.

SAME.—*Presumption.*—*Applicability of Instruction.*—*Supreme Court.*—The Supreme Court will presume, where the contrary does not appear, that an instruction given to a jury was applicable to the evidence in the case.

SAME.—*Repetition of Instruction.*—*Exception to.*—Where the court, on the request of the jury for further instruction, gives them an additional instruction, which is duly excepted to, merely repeating an instruction given in the original charge, and not excepted to, the exception to the former does not apply to the latter.

From the La Grange Circuit Court.

*A. Zollars, F. T. Zollars* and *J. B. Wade,* for appellant.
*J. D. Ferrall,* for appellees.

WORDEN, J.—This was an action by the appellees, against the appellant, the complaint alleging a contract between the plaintiffs and defendant, by which the defendant agreed, upon a sufficient consideration stated, to endorse and deliver to the plaintiffs " certain notes, and a mortgage by which their payment is secured, executed on the 25th day of May, 1874, on real estate in La Grange county, by Charles and John Woodward to defendant, and bear interest at the rate of eight per cent., payable annually, and amount at their face to nine hundred dollars."

Allegation of offer of performance on the part of the plaintiffs, and refusal to perform on the part of the defendant.

Issue; trial by jury; verdict and judgment for the plaintiffs, a new trial on behalf of the defendant having been moved for and denied.

No question is made here upon the pleadings; nor is the evidence in the record, nor any bill of exceptions. The counsel for the appellant, however, object to the 9th, 12th, 13th and 15th instructions given by the court.

These, and, indeed, all the instructions given, are made

a part of the record in the manner provided for by section 324 of the code. But there is no valid exception to instruction number 9.

As there is no bill of exceptions in the record showing that exception was taken to the instructions, such exception must be shown to have been taken in the manner provided for in section 325 of the code, or it can not prevail.

That section provides, that " A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction, ' Refused and excepted to' or ' Given and excepted to,' which shall be signed by the party or his attorney."

On the margin of instruction number 9 are the words " Given and excepted to," but it is apparent from the original transcript sent up to us, and from the transcripts sent up in response to two writs of *certiorari*, that there was, at the time of thus noting the exception, no signature of the appellant or his attorney appended thereto, as the statute requires.

The instruction, therefore, can not be regarded as having been excepted to. *The Jeffersonville, etc., Railroad Co.* v. *Cox,* 37 Ind. 325, and cases there cited.

The 12th and 13th instructions were as follows:

" 12. Where one party, for a full and valuable consideration, agrees to give or transfer to, or let another have, such promissory notes, the law implies that the transfer is to be made by endorsement, unless a different agreement is made by the parties.

" 13. And where the agreement for the transfer is shown, and a valuable consideration therefor, the party claiming that the transfer was to be by delivery, or by endorsement without recourse, or otherwise than by simple endorsement, has on him the burthen of so proving."

We think these instructions were clearly right. A party who agrees to transfer a promissory note to an-

other, without qualification, must be understood as hav-- ing agreed to make the transfer in the mode which will vest the legal title in the party to whom the transfer is to be made, and this is by endorsement. Such a transfer, as by delivery merely, as will vest a mere equitable title only, will not, in our opinion, satisfy such an agreement. The party to whom such transfer is to be made has a right to be clothed with the legal as well as the equitable title to the note. This point was involved and decided in the case of *Streeter* v. *Henley*, 1 Ind. 401.

The action was upon a note for the payment of sixty dollars, in a horse worth from forty to fifty-five dollars, and in cash notes on different individuals for the balance. Plea of tender. The court said in reference to this branch of the case: "On the day fixed by the note sued on for the delivery of the property, an agent of the defend- ant tendered to the payee, in discharge of the note, a mare worth forty dollars, and also cash notes,(that is, prom- issory notes,) on different individuals to the amount of twenty dollars. The tender was refused. The notes ten- dered were not endorsed by the defendant, nor was there any offer made to endorse them. No description of the notes tendered was proved.

"Supposing that the suit would have been barred by a proper tender and a refusal of the property, as to which we give no opinion, it is evident that the tender, to pro- duce that effect, should have been of all the property con- tracted for. Here, the notes offered were not endorsed, nor offered to be endorsed, by the defendant; nor were they shown to be transferable without endorsement. The notes, therefore, were not legally tendered, and the pleas of tender were not proved."

In the case before us, the notes may have been payable to bearer, and therefore transferable so as to vest the legal title without endorsement, but, in the absence of the evi- dence, we will presume that the charges were applicable to the case made. The charges were right in reference to

notes that required an endorsement in order to pass the legal title, and we will presume that the notes were of such character.

The fact that the code authorizes the equitable holder of a note to sue thereon in his own name, making his assignor a party defendant to answer to the assignment, can not, as we think, change the law, as above stated, in respect to the right of a party, to whom a note is to be transferred, to have the legal title vested in him. Where the legal title is vested in him by endorsement, he may sue thereon without the trouble and inconvenience of making his assignor a party, and this gives him an advantage which he does not enjoy as the mere holder by equitable assignment. Indeed, the code has not greatly improved the situation of the equitable holder of a note, for it was settled long before that was adopted, that, where the payee of a note transferred it otherwise than by endorsement, the party to whom it was transferred might sue upon it, in the name of the payee, for his own use.

Where a party thus agrees to transfer a promissory note, which requires his endorsement in order to pass the legal title, he impliedly agrees to endorse it; and, if he claims that he was to transfer it otherwise, or that his endorsement was to be a restricted one, we think the burden rests upon him to show it, as stated in the 13th charge.

As we read the record, there was no exception taken to the 15th instruction.

The 16th instruction was as follows: "You ask me whether you must fix, in your verdict, the amount of the plaintiffs' recovery, if the verdict be for the plaintiffs. The court answers you, yes. As to the amount of the recovery, the court will re-read the instruction before given on the subject, viz.: No. 15." Then follows No. 15.

On the margin of the record, opposite charge 16, are the words, "Given and excepted to by defendant at the

time. Wade & Wade and Glasgow, Att'ys for def't."
" This given on return of jury to court, at their request."

There was no exception taken to charge number 15, which follows 16 in the order in which they appear in the record, unless the memorandum opposite charge 16 be taken to have reference to charge 15. The memorandum can not have reference to both charges, because the statute requires the exception to be taken to each charge.

The exception must be regarded as having been taken to the 16th, and not the 15th, charge. The fact that the court again read charge 15 did not make it a part of charge 16.

There is no error in the record.

The judgment below is affirmed, with costs.