No. 9676.

EICHHOLTZ v. TAYLOR ET AL.

PROMISSORY NOTE.— Endorsement.—Agreement.—Accord and Satisfaction.— Pleading.—Evidence.—Tender.—An answer to a suit on a promissory note, alleging an agreement by the plaintiff that if the defendant would sell a certain chattel to a third person for a certain price and take therefor a note of the purchaser, described, he would accept such note in satis-faction of the note sued on ; that the defendant performed the condition, taking the note payable to himself, and thereupon tendered it to the plaintiff, who refused to receive it ; that the defendant has ever since been ready, etc., and brings said note into court for the plaintiff, is good on demurrer ; but it is not supported by proof of an offer to deliver without endorsement.

From the Tippecanoe Circuit Court.

J. S. McMillen and C. E. Lake, for appellant.

W. D. Wallace, for appellees.

MORRIS, C.—The appellant, who was the plaintiff below, sued the appellees upon the following promissory note :

"$500.00.          LAFAYETTE, IND., March ·9th, 1878.

"Due, 25th day of December, 1879, after date, we promise to pay to the order of Emanuel Eichholtz, the sum of $500, with interest at the rate of eight per cent. per annum after maturity, until paid, and attorneys' fees, negotiable and pay-able at the office of —— bankers, value received, without any

relief whatever from valuation or appraisement laws.    The drawers and endorsers severally waive presentment for payment, protest, notice of protest and non-payment of this note.

> "EDWARD TAYLOR.
> "HENRY MARTIN.
> "GEORGE W. TAYLOR.
> "HENRY C. TAYLOR."

The defendants, except George W. Taylor, appeared and answered the complaint.    Edward Taylor answered in one paragraph, admitting the execution of the note sued on, but alleging that said note, with others, was executed to the plaintiff by him and his co-defendants, except Henry C. Taylor, as principals, and by the said Henry C. Taylor as surety, in payment for a threshing machine and separator; that afterwards, on the 26th day of August, 1878, the plaintiff entered into an agreement with this defendant whereby he agreed and promised this defendant that if he would sell and transfer his interest in said machine and separator to one George G. Ogden, for the price of $500, and take the note of said Ogden for $500, to become due on the 23d day of December, 1879, with interest at the rate of eight per cent. per annum, with one J. T. Ramey as surety thereon for the payment of said note, that when said note should be executed in manner and form aforesaid, he, plaintiff, would accept said note of the said George G. Ogden and J. T. Ramey, in full settlement of all claims and demands the plaintiff held against this defendant by reason of the note sued on, and all notes executed by this defendant and his co-defendants in payment of said machine and separator; that, by reason of the plaintiff's promise and agreement as herein set out, and in consideration of the agreement of the plaintiff that this defendant should be released from all further liability on account of the note sued on, this defendant bargained and agreed to sell, and did actually sell and convey, all his interest in said machine and separator to the said George G. Ogden, and, in compliance with the agreement made with the plaintiff as herein set out, accepted and

took from the said George G. Ogden his promissory note for the sum of $500, to become due the 23d day of December, 1879, with interest at the rate of eight per cent. per annum, and with the said J. T. Ramey as surety on the same, a copy of which is filed as a part of said answer; that said note so taken was in all respects in conformity with the agreement and instructions of the plaintiff as made with and given to the defendant; that after said defendant had sold said machine and separator and taken said note he tendered said note to the plaintiff, in fulfilment of his agreement aforesaid, but said plaintiff refused to accept said note and release him as he had agreed to do; that he, the defendant, has ever been ready and is now ready and willing to comply with his portion of the contract, and turn over and deliver to plaintiff the note of said Ogden, and now brings the same into court for plaintiff. Wherefore, etc.

The copy of the note referred to in the answer is as follows:

" $500.00.          LAFAYETTE, IND., Aug. 26th, 1878.

"On December 23d, 1879, after date, we promise to pay to the order of Edward Taylor, at the Lafayette National Bank, of Lafayette, Ind., $500.00, with interest at the rate of eight per cent. per annum, and five per cent. attorneys' fees, value received, without any relief from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest, and non-payment of this note.          GEO. G. OGDEN.

" J. T. RAMEY."

The appellee Martin answered in two paragraphs. The first alleged that he executed the note as security of the other makers, and asked that their property might be first exhausted to satisfy any judgment that might be obtained on the note sued on. The second paragraph was, substantially, the same as the answer of Edward Taylor.

Henry C. Taylor also answered in two paragraphs. His answer was the same as that of the defendant Martin, except

that in the second paragraph he averred that he signed said note as the surety of his co-makers.

The appellant demurred to the answer of Edward Taylor and to the second paragraph of the answer of Martin and to the second paragraph of Henry C. Taylor's answer. The demurrers were overruled. He then replied to said answers.

The cause was dismissed as to G. W. Taylor and was submitted to the court for trial. The court found in favor of the appellant as against Edward Taylor, and in favor of the appellees Henry Martin and Henry C. Taylor. The appellant moved for a new trial on the grounds that the finding of the court was contrary to law and not supported by sufficient evidence. The motion was overruled and judgment rendered in accordance with the finding of the court.

The rulings of the court upon the demurrers to the answers and upon the motion for a new trial are assigned as errors.

The appellant insists that the court erred in overruling his demurrers, for the reason that, by the contract set forth in the several paragraphs of the answers demurred to, Edward Taylor neither promised nor was he bound to dispose of his interest in said threshing machine and separator, or to procure and transfer to him the said note of the said Ogden and Ramey. This may be, but the alleged agreement of the appellant may be regarded as a conditional promise that if Taylor would dispose of his interest in the machine and separator, and procure therefor the note of Ogden and Ramey and transfer it to him he would release said Taylor from his liability on the note in suit; and if, as alleged in the several paragraphs of the answer, Taylor, acting upon this conditional promise, did dispose of said machine and separator, and procure therefor the note of Ogden and Ramey, as proposed, and tendered the same to the appellant as stated, he performed the agreement on his part, and the appellant became bound, and the law would compel him, to accept the note so tendered in discharge of Taylor's liability on the note in suit. This objection to the answers is not well taken.

The appellant also insists that the answers are bad because they show that the note of Ogden and Ramey was payable to Taylor, and do not show that Taylor ever endorsed the same to the appellant; that, as a valid tender of the note to the appellant, unless endorsed to him by the payee, could not be made, the averment that it had been so endorsed is essential. The answer alleges that on the 26th day of August, 1878, said Taylor tendered said note to the appellant; that he has ever since been ready and willing to turn over the same to him, and that he now brings it into court for him. If Taylor did tender the note as alleged, then he did everything on his part necessary to be done, so that the acceptance of the note by the appellant would vest in him the title to it. If, to do this, it was necessary for Taylor to endorse the note, the averment that he had tendered it to the appellant is equivalent to an allegation that he had endorsed it. If the averment was too general, it might have been made more specific by a proper motion. We think the demurrers to the several paragraphs of the answers were properly overruled.

The appellant also contends that the court erred in overruling his motion for a new trial, for the reason that the evidence is not sufficient to sustain the finding of the court. In this we think the appellant is right.

The evidence, which is properly in the record, does not show, nor tend to show, that the note was ever endorsed by Taylor to the appellant. By the agreement stated in the answers, which a portion of the testimony tended to sustain, the appellant was entitled to the legal ownership of the note. He did not agree to release Taylor for a mere equitable title to the note. The delivery of the note of Ogden and Ramey to the appellant would pass to the latter the equitable but not the legal title to the note. Being the equitable owner of the note, the appellant could sue upon it in his own name, but he would have to make the payee of the note a party defendant to answer as to his interest in the note. Prior to the adoption of the code he could not sue at law in his own name upon

such a title, but as the equitable assignee he had a right to sue at law in the name of his equitable assignor, and in equity he could always sue on such an assignment in his own name, making, as under the code, the assignor a party defendant. The code has not done away with nor abolished the distinction between the legal and equitable title to promissory notes; it simply enables the equitable owner to sue in his own name, adopting the remedy formerly given in equity. As the appellant, by the agreement, had a right to the legal title of the note of Ogden and Ramey, it follows that to defeat the action it was necessary for the appellees to prove that the legal title to the note had been tendered to him, so that by the judgment of the court against him he would become invested with the legal title to the note. No such tender was proved, nor was there any testimony in the case tending to prove it. There yet remained something to be done to transfer to the appellant the title to said note; before the property in the note could legally pass to the appellant, it must be endorsed to him by Edward Taylor. This has not been done, and the legal title to the note remains in Edward Taylor. As, by the tender alone of the legal title to the note to the appellant, Edward Taylor could be discharged from his liability on the note in suit, this not having been done, he remains liable upon it the same as if the alleged agreement to accept the note of Ogden and Ramey had never been made, and the appellee Martin, his co-maker, and Henry C. Taylor his surety, are still liable. In speaking upon this subject this court, in the case of *Streeter* v. *Henley*, 1 Ind. 401, says: " Supposing that the suit would have been barred by a proper tender and a refusal of the property, as to which we give no opinion, it is evident that the tender, to produce that effect, should have been of all the property contracted for. Here, the notes offered were not endorsed, nor offered to be endorsed, by the defendant; nor were they shown to be transferable without endorsement. The notes, therefore, were not legally tendered, and the pleas of tender were not proved."

This language applies precisely to the case now before us. The same question was again decided in the case of *Henley* v. *Streeter*, 5 Ind. 207. See, also, *Barney* v. *Bliss*, 1 Chipman, 399 (12 Am. Dec. 696); *Holmes* v. *Holmes*, 12 Barb. 137; *Jones* v. *Knowles*, 30 Maine, 402; *Dunham* v. *Pettee*, 4 E. D. Smith, 500. The legal title to the note would be necessary to enable the appellant to sell and negotiate the same. We think the court erred in overruling the motion for a new trial. *Wade* v. *Guppinger*, 60 Ind. 376.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed as to Henry C. Taylor and Henry Martin, at their costs, with instructions to render judgment upon the finding in favor of the appellant for the amount due upon the note sued upon.

## ON PETITION FOR A REHEARING.

MORRIS, C.—The appellee Henry C. Taylor insists that the conduct of the appellant, as alleged in the answer and proved upon the trial, was such as to relieve the appellees from tendering to him the note of Ogden and Ramey, for which he had agreed to release Edward Taylor from all liability on the note in suit, and that, therefore, the court erred in reversing the judgment below.

The answer alleges that the appellant agreed that if Edward Taylor, one of the joint makers of the note sued on, would procure for him the note of Ogden and Ramey for $500, payable at a certain time, he would accept such note in discharge of Edward Taylor's liability on the note in controversy; that he procured the note as agreed, payable to himself, and tendered it to the appellant at the proper time, but that the latter refused to accept it.

The proof showed that Edward Taylor did procure said note for $500 payable to himself at the time agreed upon; that he saw the appellant at the proper time, told him that he was ready to turn over the note to him, but that, after some delay,

Eichholtz *v.* Taylor *et al.*

the appellant refused to accept it, saying that he could not do so without releasing all the makers of the note in suit. The note was not endorsed by Edward Taylor, nor did he at any time offer to endorse it. Taylor did not bind himself by the agreement to do anything.

The agreement set up in the answer and proved upon the trial was an accord, and its performance would operate as a satisfaction of the note in suit. An accord without satisfaction is not good. Whart. Con., sec. 999. In the case of *Pettis* v. *Ray*, 12 R. I. 344, a case like this, it was held that when A., the payee of certain notes, had agreed with the maker that if he would find a purchaser for the mortgaged premises by which the notes were secured, who was to pay the arrears of interest, refund certain expenses and execute new notes to the payee, he would accept the purchaser as his debtor and release the maker. The maker procured the purchaser, but the payee refused to consummate the agreement. Held, no bar to an action on the notes. And the question is, did Taylor execute the accord to that point where it was to operate as a satisfaction of his liability on the note sued upon? Did he do all that he was bound to do? Had he endorsed the note and tendered it to the appellant, upon his refusal to accept it he might have laid it down and left it at the appellant's peril. This would have been a complete execution of the accord, and discharged Edward Taylor from his liability on the original note. Or, having endorsed it or offered to, he might have held it ready to be endorsed and delivered to the appellant at any future time. But he did neither of these things. The refusal of the appellant to abide by the accord did not relieve the appellees, if they wished to insist upon it, from performance on their part. If the payee of a note agrees to accept from the maker something—notes on third persons or other property—in payment, the maker must, in order to defeat a suit upon the note, show that he had performed the agreement on his part to the point where it was, by its

terms, to operate as satisfaction. Neither the repudiation of the contract, nor the refusal of the payee of the original note to accept satisfaction, will relieve the other party, if he insist upon enforcing the contract, from performance on his part. Such refusal does not prevent performance. The party may tender the thing agreed to be accepted in payment, and, if it should be refused, he may set it apart for the other party and leave it at his peril. In such case the title to the thing tendered vests in the party to whom the tender is made; but the party is not bound to pursue this course. He may, having made the tender and done all that was required of him, retain and hold the property ready to be delivered at any time; and, as in this case, when sued upon the original contract, he must, in order to defeat it, still perform, by bringing the property into court, or doing that which is equivalent to it, so that, by the judgment of the court in his favor, the title may pass to the other party. The note not having been endorsed to the appellant, the property could not become his. As long as anything remains to be done, in such case, the property does not pass.

When a tender is pleaded, as in this case, with a profert, the party should have the article in court. We held the answer good on the ground that it alleged that the Ogden and Ramey note had been properly tendered and endorsed and brought into court. The proof shows that it was not endorsed. The appellee says that this was not necessary, because the appellant refused to accept the note, not because it was not endorsed, but because, by accepting it, he would release other parties on the original note; but by his defence the appellee seeks to defeat the action on the original note by compelling the appellant to stand by the subsequent agreement. He can not do this and still retain the Ogden and Ramey note. The judgment in favor of the appellees would not transfer the Ogden and Ramey note to the appellant. It would still belong to Edward Taylor.

We have examined the cases referred to by the appellee,

and think them not in point. In the case of *Blewett* v. *Baker*, 37 N. Y. (Sup. Ct.) 23, the plaintiff had agreed to procure a lease for certain premises, and assign it to the defendant, the latter agreeing to pay the rent. The plaintiff procured the lease, notified the defendant of the fact, and that it was ready for his acceptance, and requested him to appoint a place where the same could be accepted by or transferred to him. The defendant refused to comply with the notice, or to accept an assignment of the lease, saying it was too late. The court held, in an action to recover damages for a breach of the contract, that the refusal superseded the necessity of a tender. The plaintiff retained the lease, and sought only such damages as he had sustained by the refusal of the defendant to accept it. In such an action the stipulated rent, less the benefit accruing to the plaintiff from the premises leased, would be the measure of the damages. It was not an action to compel the defendant specifically to perform the contract on his part. In the case in hearing the defence seeks to enforce the contract against the appellant, on the ground that the Ogden and Ramey note operated as payment of the note in suit. It would extend this opinion unduly to notice particularly each case referred to by the appellee.

PER CURIAM.—The petition is overruled.