Drinkout *v.* The Eagle Machine Works.

No. 10,684.

DRINKOUT *v.* THE EAGLE MACHINE WORKS.

PRACTICE.—*Instructions.*—*Statute Construed.*—The proviso to section 650, R. S. 1881, makes no change in the former practice as to making up a record in order to secure the judgment of the Supreme Court upon instructions given.

SAME.—*Instructions.*—*Supreme Court.*—*Presumption.*—That an instruction assumes the truth of a fact which is admitted, or not disputed, is no objection to it, and the Supreme Court, when the evidence is not in the record, will presume that facts so assumed were admitted or conclusively proven.

NEGLIGENCE.—*Injury to Employee by Co-Employee.*—*Complaint.*—*Evidence.*— *Variance.*—A complaint by a servant against his master for injury caused by defective machinery is not supported by evidence that the injury was caused by negligence of the defendant's superintendent.

From the Superior Court of Marion county.

*R. N. Lamb* and *S. M. Shepard,* for appellant.

*A. C. Harris* and *W. H. Calkins,* for appellee.

HAMMOND, J.—This is an appeal under section 650 of the code of 1881, upon the question of the correctness of instructions to the jury. So much of said section as applies to an appeal in such case is contained in the proviso, reading as follows: "*Provided,* That when in any case an appeal is prosecuted upon the question of the correctness of instructions given or refused, or the modifications thereof, it shall not be necessary to set out in the record all the evidence given in the cause, but it shall be sufficient in the bill of exceptions to set out the instructions or modifications excepted to, with a recital of the fact that the same were applicable to the evidence in the cause."

The above proviso in section 650, R. S. 1881, was added to the parallel section, 559, of the code of 1852, but we do not think it makes any change in the practice with respect to instructions given to the jury. Its effect is to entitle instructions not given to a consideration in this court, that they would not otherwise receive. It does not dispense with a

motion for a new trial. The recital in the bill of exceptions. of the fact that the instructions given were applicable to the evidence makes no important addition to the record. In the absence of the evidence, without such recital, this court would present that the charges were applicable to the case made. *Wade* v. *Guppinger*, 60 Ind. 376. The proviso above quoted makes no change in the rule, settled by numerous decisions, that this court, where the record does not contain the evidence, will not reverse the trial court on the instructions. given, unless they are so radically wrong as not to apply to any supposed case which might have been made by the evidence. Buskirk's Practice, 345, and cases cited.

The appellant sued the appellee in a complaint of three paragraphs, alleging in each that the appellee as a corporation was doing business in the city of Indianapolis as founders. and machinists; that on October 9th, 1879, while the appellant was in the employment of the appellee as a laborer, in filling a "flask" with molten iron, said "flask," without any fault or negligence of the appellant, burst open, letting the molten iron run out and into his shoes and upon his feet, thereby scalding, burning and permanently injuring him. It is charged in various ways in the several paragraphs, that the bursting of the "flask" was caused by the defective and improper machinery and appliances of the appellee; that the "flasks" used by the appellee were unsafe, insecure and unfit for the purposes for which they were used, and that the fastenings of the "flask" in question were insecure, all of which defects are alleged to have been well known to the appellee.

Issue was made and the case tried by a jury, resulting in a verdict for the appellee. Motion for new trial overruled, exceptions, judgment on verdict, appeal to the general term, and judgment of the special term affirmed.

The only ground urged in this court for the reversal of the judgment was the giving by the trial court, on its own motion, of instructions numbered six and sixteen.

The first of said instructions was the following:

" 6. One of the risks which an employee assumes is the injuries which he may sustain by reason of the carelessness or negligence of his fellow servants. In this case there is evidence tending to show that Mr. Taylor prepared the 'flask' for making the casting. Although Mr. Taylor may have had charge of the foundry department in the shops of the department, yet, in preparing the flasks for the making of the castings, he would not, necessarily, be acting in the capacity of a foreman, but in that of an employee or servant, rather; and if the accident whereby the plaintiff was injured was caused by the carelessness or negligence of Mr. Taylor in preparing the flasks to receive the molten metal, and not on account of any imperfections in the flask itself, nor on account of any danger by reason of its being too small, or otherwise illy adapted to patterns, such as that used in it at the time of the accident set out in the complaint, then the defendant is not liable, and your verdict should be against the plaintiff."

It is objected to this instruction that it invades the province of the jury in assuming that the injury was caused by the carelessness or negligence of Mr. Taylor in preparing the flasks; and, also, in assuming that Mr. Taylor could act in the capacity of foreman and employee, so that, while acting in the latter capacity, his carelessness or negligence would be that of a fellow servant, for which the master would not be liable. Conceding, without deciding, that the instruction would be open to the objections urged, if the evidence in reference to the facts therein referred to was conflicting, yet, as the evidence is not before us, we must assume that the facts alluded to were either admitted or conclusively proved at the trial. Where there is no dispute about a fact, its existence may be assumed by the court in its charges. Containing an abstract proposition of law, we think the instruction was correct. *Columbus, etc., R. W. Co.* v. *Arnold,* 31 Ind. 174; *Sullivan* v. *Toledo, etc., R. W. Co.,* 58 Ind. 26; *Gorm-*

*ley* v. *Ohio, etc., R. W. Co.*, 72 Ind. 31. We can not, as a matter of law, nor as a matter of fact, without the evidence, say that Mr. Taylor may not have acted as foreman in some particulars, and simply as employee, with respect to others.

There is another ground upon which the instruction may be sustained. If the evidence showed, or tended to show, as we must presume it did, that the appellant's injury was caused by the carelessness or negligence of Mr. Taylor in preparing the flask, it was proper for the court to inform the jury that the appellant could not recover on that account, for the reason, if for no other, that this ground of recovery was not embraced in the complaint. The causes of the injury, as set out in the complaint, were defective, unsafe and insecure machinery, appliances and flasks, and insecure fastenings to the flask, which burst, causing the injury, and not carelessness or negligence in preparing the flask for making castings. Whether the appellee, in any event, would be responsible for such carelessness or negligence, could not be considered in this action, as the appellant's cause of action was not based upon it.

No objection is made to the sixteenth instruction, except that the court assumed as true certain facts referred to in the instruction. This is answered by what has already been said, that we can not, in the absence of the evidence, consider whether or not there was error in an instruction assuming the truth of a fact. Besides, we do not think, that if the evidence were before us, the instruction would be open to the objection urged. It seems to be fair, and, we think, correctly states a proposition of law.

The decision of the court below will have to be affirmed.

Judgment affirmed, with costs.