The Elkhart Mutual Aid, Benevolent and Relief Association *v.* Houghton.

Filed Oct. 16, 1885

———◆———

No. 12,363.

THE ELKHART MUTUAL AID, BENEVOLENT AND RELIEF ASSOCIATION *v.* HOUGHTON.

LIFE INSURANCE.—*Mutual Aid Association.*—*Action on Certificate of Membership.*—*Complaint.*—*Matter of Defence.*—In an action upon a certificate of membership issued by a mutual insurance company holding no reserve fund, entitling the beneficiary to " one thousand dollars, or so much thereof as may be realized from one assessment," it is not necessary to aver in the complaint the number of the members of the association against whom assessments might be made, and unless it be shown in defence that one assessment would not produce the full amount of the certificate, the plaintiff is entitled to recover the maximum insured.

SAME.—*Insurable Interest.*—*Grandfather and Grandson.*—*Instruction.*—An instruction, that " a grandson, with whom a grandfather resides, has an insurable interest in the life of the grandfather, and a policy of insurance taken out by the grandfather in favor of the grandson, in the absence of fraud, is valid and binding on the company issuing it," considered as a whole, is not an erroneous statement of law.

The Elkhart Mutual Aid, Benevolent and Relief Association *v.* Houghton.

INSTRUCTIONS TO JURY.—*Absence of Evidence from Record.—Presumption.*— Where the evidence is not in the record, the judgment will not be reversed on account of an instruction if the latter would be correct upon any state of the evidence which might have been properly before the jury, as in such case it will be presumed that the instruction was applicable.

From the Starke Circuit Court.

*J. M. Vanfleet* and *G. W. Beeman,* for appellant.

*J. S. Bender, A. I. Gould* and *B. D. Crawford,* for appellee.

ZOLLARS, J.—Appellee's right to recover rests upon two certificates of membership issued by appellant. These certificates are, in legal effect, policies of insurance upon the life of James Mitchell. So far as concerns any question involved in this case, the rules of law which govern ordinary policies of insurance are applicable here. Appellee declared upon these certificates and made them a part of his complaint. In each of them, appellee is named as the payee and beneficiary. The portions of each of the certificates, necessary to be set out here, are as follows: "This certifies that James Mitchell has paid ten dollars, the amount required on application, and has covenanted and agrees to pay $1.50, as an assessment upon the death of any member, or the maturity of any certificate. He is, therefore, and hereby, constituted a member, and entitled to participate in the benefits of the Elkhart Mutual Aid, Benevolent and Relief Association. * * * This certificate entitles James E. Houghton, his heirs or assigns, within ninety days after presentation of satisfactory proof of the death of said member, to one thousand dollars, or so much thereof as may be realized from one assessment, not exceeding one thousand dollars, payable at the home office of said association in the city of Elkhart. * * * 7. This association will hold no reserve fund, and all losses will be paid from moneys derived from mutual assessments."

The complaint avers the death of James Mitchell, the proof of his death, and the refusal of appellant to pay the amounts named in the certificates or any part thereof, and its

refusal to order or make any assessment upon the members of the association to raise the required sum or any part of it. The complaint is not assailed upon the ground that it shows the invalidity, or fails to show the validity, of the certificates as policies of insurance upon the life of James Mitchell, in favor of appellee as beneficiary.

The sole objection urged to the complaint is, that it does not state the number of the members of the association against whom assessments might be made to raise the money with which to pay in full or in part the amounts named in the certificates. The contention is, that the complaint does not make a case, without the averment that there are such members, and a statement of the number of them. Appellant has not only refused to pay the amounts named in the certificates, but has also refused to make any assessment. So the complaint alleges. Under these averments, admitted to be true by the demurrer, appellee is entitled to a money judgment against appellant. The certificates each provide that, upon the death of the assured, appellee is entitled to $1,000, or so much as may be realized from one assessment, etc. The undertaking in each certificate is for $1,000, unless an assessment will not produce that much. That an assessment would not produce $2,000, we think is a matter of defence to be set up by appellant. It would be difficult, if not impossible, for appellee to know how many members of the association there are. The books of the association doubtless show the number. These books are in the possession and custody of the officers of the association. If the members are such, in number, that an assessment would not produce $2,000, that fact is known to the officers of the association, and they should set it up in an answer, and make good the answer by proof, as they readily could if true.

This, we think, is the reasonable rule to apply in a case like this, and especially where, as here, the insurer contests the claim upon other grounds, and utterly refuses either to pay or make an assessment.

We are aware that there are authorities against as well as in support of the rule we here adopt. The case of *Lueders' Ex'r* v. *Hartford Life and Annuity Ins. Co.*, 4 McCrary, 149, supports our view to the full extent, and we content ourselves with a citation of that case, and one case by this court. Lueders, in his lifetime, held five certificates of insurance similar to those in suit, which provided that in case of the death of the holder, an assessment should be made upon all other certificate holders, to pay the amounts named in the certificates, and that not to exceed one thousand dollars, the amount named in each certificate, should be paid upon such certificate. It was contended in that case that the executor of Lueders should aver and prove the number of outstanding certificates. In answer to this contention McCrary, J., among other things, said : " It is best known to the company who and where are the certificate holders, and, if plaintiff's rights to a judgment on a disputed loss are to be limited by the number, etc., of outstanding certificates, it would seem that defendant should set up the limit as to the number, etc., lapsed or otherwise. * * * Despite some decisions to the contrary, this court can not hold otherwise than that when suit has to be brought the recovery should be for the maximum insured, unless the defendant shows by pleadings and proof that said sum should be reduced." See, also, *Excelsior Mut. Aid Ass'n of Anderson* v. *Riddle*, 91 Ind. 84.

Our holding that the complaint makes a case for a recovery of the full amount of the certificates until something is pleaded and proven to reduce that amount, disposes of appellant's contention that the judgment for $2,000 is too large. It is not beyond the complaint, and we can not say that it is too large upon the evidence, because the evidence is not before us.

The only other alleged error argued by counsel is the giving of the fifth instruction by the court below. It is as follows:

" Much has been said about an insurable interest in the life

of another. Upon this question, and as a matter of law, I instruct you that a grandson, with whom a grandfather resides, has an insurable interest in the life of the grandfather; and a policy of insurance taken out by the grandfather in favor of the grandson, in the absence of fraud, is valid and binding on the company issuing it."

It is well settled that a single instruction must be considered as a whole, and is not to be dissected and overthrown, because an isolated part, when thus wrenched from its proper connection, may seem to be erroneous. *McDermott* v. *State*, 89 Ind. 187.

It is well settled, also, that where the evidence is not in the record, the judgment will not be reversed on account of an instruction, if, upon any state of the evidence which might properly have been before the jury, the instruction would have been correct. In such a case, it will be presumed that the instruction was applicable to the evidence. *Keating* v. *State*, *ex rel.*, 44 Ind. 449; *North Western Mut. Life Ins. Co.* v. *Heimann*, 93 Ind. 24; *Dennerline* v. *Gable*, 73 Ind. 210; *Stratton* v. *Kennard*, 74 Ind. 302; *Drinkout* v. *Eagle Machine Works*, 90 Ind. 423; *Wade* v. *Guppinger*, 60 Ind. 376; *Higbee* v. *Moore*, 66 Ind. 263; *Powers* v. *State*, 87 Ind. 144.

The fair interpretation of the instruction complained of, taken as a whole, and the one a jury would be most likely to put upon it, is, we think, that if a grandfather procures an insurance upon his life in favor of a grandson with whom he lives, the grandson will have such an insurable interest in the life of the grandfather as that the policy will not be invalid in the absence of fraud, and, as applied to this case, that the grandson may maintain an action upon the policy. Thus interpreted, the instruction clearly does not enunciate an erroneous proposition of law, and in the state of the record it must be presumed that it was applicable to the evidence.

The evidence may have been that the grandfather, James Mitchell, procured the policies of insurance, paid the premiums, and, in good faith and for cause, had them made pay-

able to the grandson, appellee, as the beneficiary. And so, the grandfather may have been indebted to appellee.

In the case of *Provident Life Ins. and Investment Co.* v. *Baum*, 29 Ind. 236, one brother insured his life in favor of another. In one paragraph of the complaint, it was averred that the brother was made the beneficiary, in consideration of love and affection. No interest of a pecuniary nature was shown. The court also charged the jury that it was wholly immaterial under the evidence in the case, whether the beneficiary had or had not any interest of a pecuniary nature in the life of the assured. This court, in holding the instruction to be correct and the complaint good, said: "The position assumed by the appellant, in argument, that this policy is one of indemnity, and that the appellee must show an interest in the life of the assured, does not, we think, arise in this case. The policy in terms declares that the company insures Americus Baum against loss of life in the sum of three thousand dollars. It can not be -questioned that a person has an insurable interest in his own life, and that he may effect such insurance, and appoint any one to receive the money in case of his death during the existence of such policy. It is not for the insurance company, after executing such a contract, and agreeing to the appointment so made, to question the right of such appointee to maintain the action. If there should be any controversy as to the distribution among the heirs of the deceased, of the sum so contracted to be paid, it does not concern the insurers. The appellant contracted with the insured to pay the money to the appellee, and upon such payment being made, it will be discharged from all responsibility. So far as the insurance company is interested, the contract is effective as an appointment of the appellee to receive the sum insured." The learned counsel for appellant think that this case is, in principle, overthrown by the case of *Franklin Life Ins. Co.* v. *Hazzard*, 41 Ind. 116 (13 Am. R. 313). We do not think so. In that case, Hazzard, for a nominal consideration, had the

policy upon the life of one Cone assigned to him, and took the assignment as a mere matter of speculation. Upon this ground, the assignment was condemned as being opposed to public policy. The learned judge who wrote the opinion in that case also wrote the opinion in the later case of *Franklin Life Ins. Co.* v. *Sefton,* 53 Ind. 380, in which the case of *Provident Life Ins. and Investment Co.* v. *Baum, supra,* was quoted from and approved. It was further said: " Doubtless, also, a person may take a policy upon his own life, and, by the terms of the policy, appoint a person to receive the money in case of his death during the existence of the policy." The case of *Provident Life Ins. and Investment Co.* v. *Baum, supra,* was again approved in the late case of *Continental Life Ins. Co.* v. *Volger,* 89 Ind. 572 (46 Am. R. 185), and distinguished from a case where a person, for his own benefit, procures a policy upon the life of another and pays the premiums. And it was held, that in such a case, the payee and beneficiary must aver in his complaint his insurable interest in the life of the assured, and that such averments need not be made by the beneficiary in a case where a person has procured a policy upon his own life, and appointed another, and had him named in the policy as the beneficiary.

In support of this distinction, the case of *Guardian Mut. Life Ins. Co.* v. *Hogan,* 80 Ill. 35 (22 Am. R. 180), is cited. Mr. Bliss, in his work on Life Insurance, at section 26, says: "A person has undoubtedly an insurable interest in his own life, and that interest supports a policy, whether he makes the loss payable to himself, his executors, or his assigns, or to a nominee or appointee named in the policy. Nor is a policy obtained by one on his own life for the benefit of another, which latter advances the premium, necessarily void. The question is whether the policy was in fact intended to be what it purports to be, or whether the form was adopted as a cover for a mere wager. If the plaintiff and the insured confederated together to procure a policy for the plaintiff's benefit, when he is not and does not expect to be a creditor

of the insured, and with a view of having the policy assigned to him without consideration, the policy is void."

In the case of *Campbell* v. *New England Mut. Life Ins. Co.*, 98 Mass. 381, Campbell obtained a policy of insurance upon his life for the use of a brother's wife. Want of interest in the beneficiary was the ground of defence. Upon this point the court said : "The policy in this case is upon the life of Andrew Campbell. It was made upon his application; it issued to him as 'the assured;' the premium was paid by him; and he thereby became a member of the defendant corporation. It is the interest of Andrew Campbell in his own life that supports the policy. The plaintiff did not, by virtue of the clause declaring the policy to be for her benefit, become the assured. * * * It was not necessary therefore that the plaintiff should show that she had an interest in the life of Andrew Campbell, by which the policy could be supported as a policy to herself as the assured." This case is approved in *Stevens* v. *Warren*, 101 Mass. 564, where it is further observed that if it should appear that the arrangement was a cover for a speculating risk, contravening the general policy of the law, it would not be sustained. The same doctrine is announced in the case of *Olmsted* v. *Keyes*, 85 N. Y. 593, after a review of the authorities. See, also, *Fairchild* v. *North-Eastern Mut. Life Ass'n,* 51 Vt. 613; *Clark* v. *Allen*, 11 R. I. 439 (23 Am. R. 496); *Loomis* v. *Eagle L. & H. Ins. Co.*, 6 Gray, 396; *Lemon* v. *Phœnix, etc., Ins. Co.*, 38 Conn. 294.

In the case of *Connecticut Mut. Life Ins. Co.* v. *Schaefer*, 94 U. S. 457, it was said : "A man can not take out insurance on the life of a total stranger, nor on that of one who is not so connected with him as to make the continuance of the life a matter of some real interest to him. It is well settled that a man has an insurable interest in his own life, and in that of his wife and children; a woman in the life of her husband, and the creditor in the life of his debtor. Indeed, it may be said generally that any reasonable expectation of pecuniary benefit or advantage from the continued life of another creates

an insurable interest in such life. And there is no doubt that a man may effect an insurance on his own life for the benefit of a relative or friend."

Again, in the case of *Ætna Life Ins. Co.* v. *France*, 94 U. S. 561, where a policy was upon the life of a person expressly for the benefit of his sister, the same court said : "We concur in the construction of the policy made by the court" (below), "and in the validity of the transaction. As held by us in the case of the *Connecticut Mut. Life Ins. Co.* v. *Schaefer, supra*, p. 457, any person has a right to procure an insurance on his own life and to assign it to another, provided it be not done by way of cover for a wager policy; and where the relationship between the parties, as in this case, is such as to constitute a good and valid consideration in law for any gift or grant, the transaction is entirely free from any such imputation. The direction of payment in the policy itself is equivalent to such an assignment."

These authorities are abundantly sufficient to show that the instruction under examination in this case, as applicable to the evidence as it might, and may have been under the issues, is not erroneous.

Judgment affirmed, with costs.

Filed Oct. 17, 1885.