MARIA A. MEAD *vs.* HENRY JOHNSON.

Fairfield County, Oct. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, JS.

Replevin lies only for specific property, distinguishable from other property of the same kind.

And the plaintiff must have a general or special property in the particular thing sought to be replevied.

It will not lie to recover damages for a mere breach of contract in not delivering property. There must be a tortious taking or detention of it.

[Argued October 26th—decided December 17th, 1886.]

REPLEVIN for twenty gallons of cider brandy; brought, by appeal from a justice of the peace, to the Court of Common Pleas in Fairfield County, and tried to the court before *Hall, J.* Facts found and judgment rendered for the defendant. Appeal by the plaintiff. The case is fully stated in the opinion.

*H. W. Taylor*, for the appellant.

*J. B. Hurlbutt*, for the appellee.

CARPENTER, J. The defendant was in the business of making cider and distilling cider brandy. The plaintiff furnished him with apples and money, for which he agreed to deliver to her twenty-eight gallons of proof cider brandy. There was no agreement that the brandy should be made from the apples so furnished, and it does not appear that

these apples were made into brandy at all.   At the time the suit was brought the defendant had no proof brandy, but had more than twenty-eight gallons above proof.   The officer replevied no goods, but served the process as an attachment.

The defendant for answer denied the allegations of the complaint.

Upon the trial in the court of Common Pleas the plaintiff claimed that the action of replevin was the proper remedy upon the facts proved, and that she was entitled to recover under the ninth section of the statute with regard to replevin.   Gen. Statutes, p. 487.   The defendant claimed otherwise.   The court overruled the claims of the plaintiff and rendered judgment for the defendant.   The plaintiff appealed.

The main question in the case, and the only one we have occasion to consider, as the view we take of that disposes of the case, is whether upon the facts replevin is the proper remedy.

Prior to 1863 writs of replevin were allowed in this state only to recover cattle or other animals impounded, and goods attached.   Compilation of 1854, p. 140, sec. 253.   In 1863, (Session Laws of that year, p. 45,) the action was extended to any goods which were unlawfully detained from the owner or other person entitled to the possession.   The statute now in force is:—" The action of replevin may be maintained to recover any goods or chattels, in which the plaintiff has a general or special property with a right to their immediate possession, and which are wrongfully detained from him in any manner, &c."   Gen. Statutes, p. 484.

Obviously the plaintiff must have a general or special property in some particular goods, which must be described. Bouvier says:—" The chattel also must possess *indicia* or ear-marks, by which it may be distinguished from all others of the same description ; otherwise the plaintiff would be demanding of the law what it has not in its power to bestow. Replevin for loose money cannot therefore be maintained ; but it may be supported for money tied up in a bag, and taken in that state from the plaintiff.

The case does not show that the plaintiff ever owned or had a special property in any cider brandy. The most that it shows is, that the defendant had agreed to deliver brandy of a certain quality to the plaintiff; but it had never been separated from other brandy and set apart for the plaintiff; indeed it does appear that the defendant himself had no such brandy in his possession. He had brandy in his possession of higher proof which could have been reduced to the quality which the contract called for. But before any title can vest in the plaintiff it must be reduced, and the required quantity must at least be set apart for the plaintiff's use. This the law cannot do.

The action of replevin is founded in tort. There must be a tortious taking or detention of property; a mere breach of contract is not sufficient. Hence it is no remedy to enforce a contract or recover damages for its non-performance. This was clearly so under the old practice, and that is unaffected by the Practice Act, section 32, page 9. This suit seems to have been instituted originally for the sole purpose of enforcing specifically a contract, and to have been prosecuted solely for the purpose of recovering damages for its breach—a manifest departure from the object of a replevin suit.

The plaintiff claims that the ninth section of the replevin act applies to the case and gives her a right to a judgment. The clause relied on is as follows :—" If any of the property described in the writ is not replevied, but the plaintiff proves a general or special property therein with a right to its immediate possession, and that it is wrongfully detained by the defendant, and claims full damages therefor, the value of such property with damages for its detention may be included in any judgment which the plaintiff may recover; and it shall be so stated upon the record."

Here the plaintiff encounters the same insurmountable obstacle; she has failed to prove a general or special property in the goods described. The same inherent vice remains —an attempt to recover damages for a breach of contract in

an action of replevin. That statute was not designed to extend the action of replevin to a case like this.

There is no error.

In this opinion the other judges concurred.