### IN THE

## SUPERIOR COURT

### OF THE

## TERRITORY OF ORLEANS.

——●❀●——

### SPRING TERM—1811—FIRST DISTRICT.

——●◆●——

### DURNFORD vs. CLARK.

<div style="float:left">

Spring 1811.
First District.
‿‿‿‿
Witness cross
examined on a
new point.

</div>

MOTION for a new trial. During the trial, a witness having been introduced for the plaintiff, was turned over to the defendant's counsel to be cross-examined : The counsel, in interrogating the witness on other matters, drew from him the disclosure of a distinct fact, which had a very material influence in the determination of the cause.

THE plaintiff's counsel objected at the time to the question, put by the opposite counsel, but being overruled by the court, now moved for a new trial, on this ground.

*Ellery* for the plaintiff. In the case of the *Dean &c. of Eli* vs. *Stewart,* Lord Chancellor Hardwicke said : when at law a witness is introduced to a single point by the plaintiff or defendant, the adverse party may cross-examine to the same individual point, but not to any new mat-

ter : so, in equity, if a great variety of facts and
points arise, and a plaintiff examines only as to
one, the defendant may cross-examine as to the <span>Durnford
vs.
Clark.</span>
same point, but cannot make use of such witness
to prove a different fact. 2 *Atkins*, 44.

*By the Court*, Martin, *J. alone.* I have
never known this practice to prevail, and I can-
not, on this dictum, set the verdict of the jury
aside. It must be understood as a rule of disci-
pline, introduced for the purpose of preserving
regularity, in the admission of testimony. Every
witness must be sworn to tell the whole truth,
and if the defendant is not allowed to examine
the plaintiff's witness, at first, to any point
material to the defence, he has certainly a right
to call back the witness and examine him while
introducing his own testimony. If, therefore,
the defendant's counsel, in the present case,
might, at any stage of the trial, have compelled
the witness to disclose the fact which has been
drawn during the cross-examination, no injury
has been done to the plaintiff, by obtaining this
part of the evidence, a little earlier than in the
regular way.

Farther : the witness closed the plaintiff's
testimony, and I cannot tell that there was any ne-
cessity for the defendant's counsel to dismiss him
from the cross-examination and instantly call him
as his own witness. *Lex neminem cogit ad* vana
*seu impossibilia.*

Motion Overruled.