WILLIAM W. LOW, Appellant, *v.* SAMUEL FREEMAN *et al.*, Appellees.

APPEAL FROM STARK.

A contract by which A. agrees to sell eight hundred bushels of corn, more or less, within a specified time, at a stipulated price, does not give the vendee a property in the corn in question. Something remained to be done by the vendor to ascertain the exact amount sold.

The remedy for a failure to perform, was an action for a breach of the contract. Replevin will not lie.

This was an action of replevin, brought in the Marshall Cir-cuit Court. Low, the plaintiff below, took a change of venue to Stark county. The action was founded upon the contract set out in the opinion of the Court. The defendants filed two pleas, first, that they did not wrongfully detain, &c.; second, property in themselves. The cause was tried before Kellogg, Judge, and a jury, at November term, 1850. The jury found for the de-fendants, and a judgment was entered accordingly. Low moved for a new trial, which was denied, and he thereupon prayed this appeal.

The sheriff who executed the writ, proved on the trial that he replevied two wagon loads of corn in Lacon, and the residue he took at the farms of the defendants. Low proved by another witness that he called upon the defendants for the corn, that they replied that he was too late, that he did not come according to contract, that this was on the ninth of August. That the Freemans complained that they had not been furnished with sacks.

N. H. PURPLE, for Appellant.

O. PETERS, for Appellee.

TREAT, C. J. The foundation of this suit was the following contract: "We, Samuel Freeman and Elijah Freeman, has this day sold to Wm. W. Low eight hundred bushels of corn, more or less, at twenty cents per bushel, to be delivered at the mouth of Sandy, opposite of Henry, or at Wm. Fenn's warehouse in Lacon, if any thing should happen that Low could not get a boat to take it from opposite of Henry; to be delivered by the first of August next in merchantable good order, at the custom-ary weight per bushel; received on this contract five dollars, and the balance of the money to be paid when all of the corn is delivered. SAMUEL FREEMAN.

"June 2d, 1849. ELIJAH FREEMAN."

The Freemans failed to deliver any corn under the contract. On the 9th of August, 1849, Low sued out a writ of replevin, under which the sheriff seized two hundred and eighty-three bushels of corn; fifty bushels of which were taken from the wagons of the defendants in Lacon, and the residue from the

farm of Elijah Freeman. The plaintiff's right to the property replevied was put in issue by the pleadings. On the trial, the Court instructed the jury in substance, that the contract did not vest the title to the corn in the plaintiff; and that ruling may be considered as presenting the whole merits of the case. We concur in opinion with the Circuit Judge. It is very clear that the written contract, by itself and without reference to the surrounding circumstances, did not show a sale of the property in controversy. The subject matter of the contract was corn generally, and not any particular lot of corn. The contract amounted at most to an undertaking on the part of the defendants, to deliver to the plaintiff eight hundred bushels of corn, at one of two places on the Illinois river, before a certain day, and at a stipulated price. It was in the power of the defendants to comply fully with their engagement, by the delivery within the time limited of that many bushels of corn, although they may have purchased the same after the contract was entered into. They agreed generally to sell, and the plaintiff to purchase, a given quantity of corn. The latter thereby acquired no property in the corn in question. It was insisted on the argument, that the contract should be construed as a sale of all the corn the defendants then had. We think otherwise. If that was the design of the parties, they certainly would have used very different and more definite expressions. The phrase "more or less" indicates no such intention. If any operation is to be given to these words, they must be understood as providing for any trifling variance in the amount of corn delivered. If on the measurement of the corn delivered, it should turn out that there were a few more bushels than the contract called for, the plaintiff might be bound to receive the excess; if on the other hand, a few bushels should be wanting, the mere failure of the defendants to make up the deficiency might not be considered a breach of the contract. Suppose the defendants had on hand at the date of the contract ten thousand bushels of corn, would it be contended that the plaintiff had purchased and was bound to take the whole? And suppose that between the making of the contract and the time fixed for its performance, this large amount had been destroyed by the elements, without the fault of the defendants, would it be contended that the loss should fall on the plaintiff? And these conclusions would inevitably follow, if the construction

insisted on is correct. By this construction, if the defendants were the owners of but one hundred bushels of corn, they might by delivering that amount have entirely discharged the contract. If it was proper to construe this contract in the light of the circumstances disclosed by the evidence, the rights of the plaintiff would be precisely the same. It would as clearly appear that he acquired no title to the property in controversy. The corn in the possession of the defendants, when the contract was made, was unthrashed, and not in a condition to be measured. Labor had to be done upon it before it could be delivered. In such case the title would not pass to the plaintiff. "Although a contract for the sale of goods be complete and binding in other respects, the property in them remains in the vendor, and they are at his risk, if any material acts remain to be done before the delivery, either to distinguish the goods or ascertain the price thereof." Chitty on Contracts, 375. In any point of view, we are clearly satisfied that the plaintiff acquired no such interest in the corn in question, as would authorize him to maintain replevin for its recovery. His remedy was an action for the breach of the contract to deliver the corn.

The judgment is affirmed.

*Judgment affirmed.*