### JOHN DAVIDSON v. WIDOW POYDRAS DE LALLANDE.

In cases requiring proof of dates of delivery of a great variety of articles, &c., a memorandum, made at the time, may be referred to by a witness, because of the difficulty, and often impossibility, of making the proof with certainty without such reference.

Where a plantation, slaves, &c., were sold at public auction, testimony offered by the purchaser to establish his claim to certain articles alleged by him to have formed a part of his purchase, was properly excluded on the objection, that they were not embraced either in the printed advertisement or in the inventory read at the sale.

A witness may be interrogated on cross-examination upon matters unconnected with those on which he was examined in chief.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Duncan & McConnel*, for plaintiff and appellant. *Janin & Griffon*, for defendant.

VOORHIES, J. On the 29th March, 1855, the plaintiff became the purchaser of a certain plantation, with the slaves, implements of husbandry, &c., attached to the same, which was sold at auction as the property of the defendant. He

alleges in his petition, that two of the slaves, one named *Celestine*, aged 13 years, and the other *Isidore*, aged 6 years, and certain other articles, embraced in the sale, were never delivered. He therefore prays, that the defendant may be condemned to pay him, as the value thereof, the sum of $3842, besides interest and costs.

The court below having given a judgment adverse to his pretensions, he appealed.

The record contains several bills of exceptions, taken by him to the ópinion of the Judge on the trial below, to which he has called our attention.

1st. The defendant introduced in evidence two written statements, attached to the following document, in connection with the testimony of *B. L. Millaudon*, then on the witness' stand, one dated the 6th and the other the 12th April, 1855, and both signed by said *Millaudon* and *W. J. Darden*, agents of the defendants, viz:

"Inventory of articles on the Poydras plantation, taken on the 6th of April, 1855, and delivered to *Mr. Davidson* by *Messrs. B. L. Millaudon* and *W. J. Darden.*

The hands are the same as those mentioned in the inventory taken on the 8th February, 1855, with the exception of two children marked on the advertisement by error after the name of negro woman *Arthemis*. The number is 123, instead of 125. 61 mules and one horse, 20 oxen, 5 cows, 3 yearlings, 3 calves, 15 carts and wagons, 1 water cart, 8 three-horse ploughs, 27 two-horse ploughs, 4 harrows, 100 empty sugar hogsheads, 16 barrels of pork and beef, 7 barrels of fish, 125 cords of wood. I acknowledge to have received all the abovementioned articles and plantation from *Messrs. B. L. Millaudon* and *W. J. Darden.*

PARISH OF ST. BERNAND, *6th April*, 1855."

[ Signed ]                    JOHN DAVIDSON.

In the first of these statements it is asserted, among other things, that the slave *Mathilde* never had any other children than those described in the advertisement by the names of *Celestine, Isidore* and *Rose*, whereas the words "two children" were erroneously superadded, and that the articles therein specified were delivered to the piaintiff. In the other, that the large number of articles therein specified, "not included in the above inventory," were also delivered to the plaintiff.

The admission of these statements was opposed on two grounds: 1st, because they were *res inter alios acta.* 2d, Because, *ex parte*, they were inadmissible, the witness himself being competent to prove the facts therein stated, nor could they even be furnished to the witness for inspection without first showing that his memory was not clear and retentive in regard to some of the particulars.

We do not think the Judge erred in overruling these objections. The evidence was clearly pertinent to the issue, and could not, therefore, be considered as *res inter alios acta.* In cases requiring proof of the delivery of a great variety or articles, dates, &c., it would be extremely difficult, nay, frequently impossible, to make such proof with certainty and precision unaided by memoranda taken at the time, as in the present case. It is true, a memorandum thus taken does not, *per se*, make proof of the facts therein set forth. But the rule on this subject may be considered, we think, as correctly laid down in 1 Greenleaf, § 466.

<div style="margin-left:margin">DAVIDSON
*v.*
LALLANDE.</div>

2d. We do not think the Judge erred in excluding testimony to prove the plaintiff's claim to two old boilers, old iron, &c., on the ground, that the same were not embraced either in the printed advertisement or inventory read at the sale. The plantation appears to have been sold *à la folle enchère*, the two previous purchasers having failed to comply with the terms of the sale. The plaintiff now seeks, and we think without any legal grounds, to recover the value of those articles, alleged to have been included in the former sales. The previous purchasers, if sued by the defendant for damages resulting from the inexecution of their contract, might, it is true, avail themselves of this as a ground of defence, but surely the plaintiff cannot be permitted to claim anything more than what he has purchased.

3d. The plaintiff objected to the examination of *L. Millaudon*, when cross-examined by the defendant's counsel, touching matters totally unconnected with those on which he was examined in chief; that the defendant should have made *Millaudon* his own witness for that purpose. The Judge in our opinion did not err in overruling this objection, which appears to us to be clearly indefeasible under our rule of practice.

On the merits, we conclude from the evidence, that the tradition or delivery of the property thus conveyed to the plaintiff has taken place in accordance with the terms of the contract between the parties. The slaves *Celestine* and *Isidore*, embraced in the deed of sale, are clearly shown to have been delivered with the others, amounting to 123, as evidenced, not only by the deed of sale, but by the above document signed by the plaintiff, in which the error in relation to the two children of the slave *Mathilde* is acknowledged to have been made in the advertisement.

Judgment affirmed.

SPOFFORD, J., concurring. Upon the authority of *Durnford* v. *Clark*, 1 Martin, 202, I conclude that the refusal of a District Judge to confine the cross-examination of a witness to matters connected with his examination in chief is not assignable as error in this court.