## JOHN H. SEED *vs*. NOAH E. LORD.

### York, 1876.—November 21, 1876.

*Sale.*

When personal property is sold to be paid for by note, the giving of the note is a condition precedent; and the title does not pass until the condition is performed or waived.

The absolute delivery of property thus sold is not necessarily a waiver of such condition; but such delivery may be controlled by other evidence.

In such case, sending the note to the vendor many days after the delivery of the property, after the vendee has become insolvent and suspended payment, after notice from him to the vendor of his inability to pay, and after possession taken by the vendor, is not such a compliance with the condition as will pass the property.

ON REPORT.

REPLEVIN of twenty packages of wool of the value of $1050, belonging to the plaintiff, from the defendant by a writ served August 19, 1875.

*Plea, non cepit,* with a brief statement, that the defendant, a deputy sheriff of this county, attached the wool by virtue of a writ in favor of *Pike et al.* v. *Brierly & Son,* that the plaintiff sold and delivered the wool to Brierly & Son, that after sale and delivery, the Brierlys suspended payment, were adjudicated bankrupts and their property conveyed to one Sanborn, assignee, that subsequently they made a composition with their creditors (at 19 per cent) and Sanborn by decree of court re-conveyed to the Brierlys.

The evidence tended to show that the wool of the plaintiff in New York, was sold to the Brierlys at Acton, by a commission merchant by sample; if when received it complied with the sample, (of which they were the judges) they were to send a note on ninety days. The wool was forwarded. The circumstances of sending the note after their insolvency, and the efforts of the plaintiff to reclaim, and other facts appear in the opinion.

*W. J. Copeland,* for the plaintiff.

*I. T. Drew,* for the defendant.

DANFORTH, J.    An action of replevin, in which the title to the property, a quantity of wool, replevied is in question. The plain-

tiff was the original owner and through a broker agreed to sell it to Edward Brierly & Son. In pursuance of that agreement, the wool was shipped to the vendees July 30, 1875, and received by them August 4th. On the 11th of August the defendant, then a deputy sheriff, attached the wool as the property of Brierly & Son, on a writ in favor of their creditors.

It further appears from the bill sent with the wool, and from the testimony of the broker who negotiated the sale, that it was to be paid for by a note on ninety days, with interest after thirty days.

The legal effect of such a contract, is, that the giving of the note is a condition precedent, and until that is done or waived, the title does not pass from the vendor. *Stone* v. *Perry*, 60 Maine, 48. *Whitney* v. *Eaton*, 15 Gray, 225. *Hirschorn* v. *Canney*, 98 Mass. 149. Nor is a delivery under such a contract though absolute, necessarily a waiver, but whether so or not is a question of fact to be ascertained from the testimony. *Farlow* v. *Ellis*, 15 Gray, 229. In this case we find no evidence which would authorize an inference of waiver; it all tends the other way.

The next question is whether the condition was complied with, so that at the time of the attachment the property had vested in the purchasers. We think the testimony clearly shows that it had not. True the note was sent, but probably not until after that time. But if before, under the circumstances, it was not in season. It was certainly a number of days after the wool was received, and after it was well known that the vendees were insolvent. Before it was sent, the vendees, by letter, informed the plaintiff of their inability to pay and, at that time, neither sent the note nor said anything in relation to it. From this neglect we can only draw the inference that they had then decided not to do so, and the notice must have been for the purpose of enabling the plaintiff to assert his rights under the contract, and resume the possession and control of his property. Thereupon the plaintiff by his agent takes the necessary means to get his property, and after a time gets it into his actual possession for the purpose of having it returned, and was prevented from returning only by the interference of the vendees, not on their own account, but as it seems instigated by two of their creditors. It was after this, and by the advice of coun-

sel, that the note was sent. Under these circumstances it would seem clear that the property had not vested in Brierly & Son, but remained in the plaintiff. As it had not vested in Brierly & Son, there was nothing for the attachment to fasten upon. Their creditors could take no more rights than they had. *Whitney* v. *Eaton*, above cited.

But assuming that the title passed by the delivery, still the defendant would be in no better condition. Before the vendees had actually received the wool into their possession, they, as well as others, had become aware of their insolvent condition. It was therefore equitable that the sale should be rescinded though the plaintiff's right of stoppage *in transitu* may have ceased. The vendees apparently recognizing this equity, notified the vendor of their inability to pay, and neglected to send the note. We can account for this only on the ground of their willingness, if not desire, that the contract of sale should be rescinded. The interest and act of the vendor is sufficient proof of his concurrence. He at once takes the proper steps to accomplish that purpose by sending his agent for the property, and that agent takes it into his possession. Whether this possession was with the absolute or conditional consent of the vendees, is made a question upon which there is a conflict of testimony. But assuming that it was conditional, it is evident that the condition was imposed only in behalf of creditors. The vendees had no objection on their own account, if it would not interfere with the rights of creditors. At that time no attachment had been made, no rights of creditors intervened. The only parties interested were the parties to the sale; all that was required to accomplish the rescission was their concurrence and that was had.

*Judgment for the plaintiff,*
*with one cent damage.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.