Filed Nov. 14, 1890.

---

No. 14,551.

## MORGAN v. EAST.

SALE.—*Public Auction.—Non-Compliance with Terms of Sale.—Tender of Money Instead of Note.—Title.—Replevin.*—One who purchases at a public sale, made pursuant to a public notice, presumptively purchases upon the terms proposed. And where a purchaser at such sale refuses, in compliance with his agreement, to execute an interest-bearing note, payable eight months after date, for the amount of his bid, as required by the terms of sale, but afterwards makes a tender of money, which is refused, the seller retaining possession of the property, such purchaser can not maintain replevin. The tender of money being insufficient, the change of ownership was not complete.

From the Greene Circuit Court.

*W. L. Rude, A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins,* for appellant.

*J. S. Bays,* for appellee.

ELLIOTT, J.—The appellee obtained a verdict and judgment awarding him possession of the personal property in controversy. His claim is founded upon a purchase made by him at a public sale at which the property of the appellant and his wife was offered for sale pursuant to a notice containing this provision :

"Terms of Sale: For all sums over five dollars a credit of eight months will be given, the purchaser executing a note, with approved surety, waiving valuation or appraisement laws, and bearing six per cent. interest."

The appellee acted as clerk at the sale. He purchased sundry articles of property, including that involved in this action, the aggregate value of which was more than seventy-five dollars. The sale took place on Saturday, the 16th day of April, 1887, and the appellee agreed to execute a note on the following Monday; on that day the appellant loaned the appellee some money, and a note was prepared for the amount of the loan and the value of the property bid off at the sale, but this transaction seems not to have been fully consummated. The appellee, in speaking of the cattle in controversy, said in his testimony, that he bid them off at the sale for $54.25; that he made a tender in money of the amount of his bid on the 4th day of May, and that he made no tender of a note on that day, but that he did tender a note for $25, and money to the amount of $55.25 on the Saturday after the sale. He also testified that he sold the cattle on the third day of May, and that Morgan told him at the time of refusing the tender that he considered the contract at an end. It further appears, from the evidence, that payment for other property than the cattle was accepted by the appellant. There is, in addition to the evidence referred to, uncontradicted evidence that the appellee refused to give a note with surety for the amount of his bid.

The question of law, which arises on the facts, is whether the appellee acquired full title to the personal property of which he seeks a recovery, for if he did not acquire such a title this action must fail. He could not, it is evident, acquire a complete title unless the contract of sale was so far executed on his part as to transfer ownership from the appellant to him.

The terms stated in the notice of sale form part of the contract. One who purchases at a public sale made pursuant

to a published notice, presumptively purchases upon the terms proposed. This rule applies to all who purchase at such a sale; but it applies with peculiar force to one who takes an active part in conducting the sale, as the appellee did in this instance. He was bound to know that compliance with the terms stated in the notice upon which the sale was made was essential to completely vest title in him. The terms stated, indeed, bind both the seller and the buyer. *Layton* v. *Hennen*, 11 La. Ann. 1; *Davidson* v. *Lallande*, 12 La. Ann. 826; *Jones* v. *Edney*, 3 Campb. 285; *Kenworthy* v. *Schofield*, 2 B. & C. 945. The appellee is, therefore, a purchaser under the contract of sale, of which contract the terms set forth in the notice form an essential part, and unless he has complied with those terms title did not vest in him so as to entitle him to maintain replevin, for it is elementary law that title does not completely pass until the terms of the contract of sale have been complied with by the purchaser. *Bertelson* v. *Bower*, 81 Ind. 512; *Dixon* v. *Duke*, 85 Ind. 434; *Curme, etc., Co.* v. *Rauh*, 100 Ind. 247; *Segrist* v. *Crabtree*, 131 U. S. 287.

The contract between the parties required the appellee to execute an interest-bearing note, with surety, payable eight months after date, and he could comply with his contract in no other manner than by executing such a note as his contract requires. He could not elect to pay in money, for no right of election was conferred upon him; it was his duty to do what he agreed to do when he purchased the property. This rule prevails even in cases where the property has been delivered to the buyer. *Harris* v. *Smith*, 3 S. & R. (Pa.) 20; *Russell* v. *Minor*, 22 Wend. 659; *Henderson* v. *Lauck*, 21 Pa. St. 359; *Osborn* v. *Gantz*, 60 N. Y. 540; *Tyler* v. *Freeman*, 3 Cush. 261; *Whitney* v. *Eaton*, 15 Gray, 225; *Seed* v. *Lord*, 66 Me. 580. In this instance, however, the seller retained possession and the buyer attempts to deprive him of it without complying with the contract of sale, for he neither executed, nor offered to execute, the note, for

which the contract provides. It is doubtful whether replevin will lie in a case where there is an unexecuted contract of sale, although there is a tender of performance in strict compliance with the contract; because the general rule is, that replevin will not lie to enforce an unexecuted contract, as the parties are left to an action for the breach of the agreement. *Mead* v. *Johnson*, 54 Conn. 317; *Haverstick* v. *Fergus*, 71 Ill. 105; *Low* v. *Freeman*, 12 Ill. 467; *Beckwith* v. *Philleo*, 15 Wis. 223; *Boutell* v. *Warne*, 62 Mo. 350; *Sneathen* v. *Grubbs*, 88 Pa. St. 147. But as possession was retained by the appellant, and there was no complete investiture of title, nor full performance, or tender of performance, on the part of the buyer, there was no such transfer of ownership as entitles the appellee to maintain replevin.

The question before us is, whether title so fully passed as to entitle the appellee to take the property from the possession of the seller, and, hence, we are not dealing with the question as to when the property became that of the buyer to such an extent as to impose upon him the risk of loss in case of its destruction. There is a distinction between a complete investiture of title, such as will enable the buyer to maintain replevin, and such an investiture as will put upon him the hazard of loss in the event of the destruction of the property; but it is neither necessary nor proper for us to mark, or illustrate, the distinction; for here the question is, whether there was an absolute change of ownership. Whether there was such a change depends upon the effect of the tender, since there is no pretence that there was performance. If the tender of money is sufficient, in a case where the contract provides for an interest-bearing note with surety, then there was a valid tender, and it might, with some plausibility, be argued that the appellee has a right to wrest the property from the possession of the appellant by legal process; but if the tender of money in lieu of the promised notes is not sufficient, then it is too clear for argument that there was no complete change of ownership; and if there was no such

Morgan v. East.

change, possession can not be secured by replevin. That the tender was not sufficient is clear. A seller may prefer interest-bearing promissory notes to money, for he may regard it as beneficial to him to secure such notes as an investment, and it is not for the buyer to make an election for the seller. But it is immaterial whether the provision for an interest-bearing note was beneficial or was not, for a party who sells property may stand upon his contract whether it is beneficial to him or not; and it is the duty of the buyer to perform his part of the contract as it is written. A tender required by a contract is insufficient, unless it is such as corresponds with the provisions of the contract. Thus, a tender of money before a promissory note is due, is of no effect. *Abshire* v. *Corey*, 113 Ind. 484. So, where the contract provides for a payment by the delivery of a horse of the value of forty dollars, and of the remainder of the amount of the debt in promissory notes, a tender of a horse of less value than forty dollars, and notes for the balance due is unavailing. *Henly* v. *Streeter*, 5 Ind. 207. So, too, where a party agreed to do work for another, a tender of money is ineffective. *Brewer* v. *Thorp*, 3 Ind. 262. Illustrations might easily be multiplied in support of the proposition that a tender is of no efficacy unless it is an offer to do what the contract requires; but it is unnecessary to cite many illustrative cases, for the proposition itself carries sufficient evidence of its soundness, and nothing more is required than its exhibition in a clear light.

It is true that the appellee stated, in general terms, that he was the owner of the cattle, but a general statement of such a character can not avail against evidence of specific facts. *Teter* v. *Teter*, 101 Ind. 129 (137) (51 Am. R. 472). Such a statement is but the conclusion of a witness wherein are blended matters of law and of fact, and it must give way to the substantive facts which specifically appear.

Judgment reversed.

Filed Nov. 14, 1890.