# N. M. MINNIX COMPANY *v.* L. C. SMITH & BROS. TYPEWRITER COMPANY.

---

CONTRACTS; SALES; APPEAL AND ERROR; EVIDENCE; CONDITIONAL SALES.

1. Acceptance by the vendor of a written order for the purchase of goods is sufficient to make it a binding contract between the vendee and those claiming under him, and, where acceptance in fact is shown, the order is admissible in evidence without proof that the vendor approved the order, although its terms require approval by him.

2. An order for the shipment of goods on a blank form reciting that the vendee agrees to pay "the sum of $100, less 10 per cent, as follows: cash, 90 days," with that portion relating to notes for deferred payments erased by lines, if signed by the vendee and accepted by the vendor, shows a cash sale to have been intended by the parties.

3. The refusal of the trial court to admit oral evidence to show that a written order for the purchase of goods received in evidence was intended by the parties to contemplate a cash sale will not be held to be prejudicial error where this court finds that the order on its face imports a cash sale.

4. Where a written instrument will admit reasonably of more than one construction, as, for example, a deed intended to operate as a mortgage, oral testimony may be admitted in order to ascertain the real intent of the parties. (Following *Tobriner* v. *White,* 19 App. D. C. 163.)

5. Evidence offered by one claiming under a vendee that, at the time a written order for the goods was signed by the vendee, the agent of the vendor requested the vendee to sign it to enable the agent to get his commission, and stated that it would then be worthless, and also that the agent then stated that a printed portion of the order relating to the deferred payments and reservation of title in the vendor had no reference to a cash sale, such as the one they were making, but only related to a sale where notes were given for the deferred payments,— is inadmissible.

6. A conditional sale whereby the title is to remain in the vendor until the purchase price is paid may be made whether the purchase price is to be paid in cash or there are to be deferred payments.

7. Where, under a written contract of conditional sale of goods, the title is to remain in the .vendor until the purchase price—which is to be paid in cash—is paid, the title does not pass to the vendee until that condition is fulfilled, even though the goods have already been delivered to him.

No. 1991.   Submitted April 13, 1909.   Decided May 11, 1909.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on a verdict directed by the court, in an action of replevin.    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a suit in replevin for the recovery of a typewriter. Appellee company, plaintiff below, in September, 1907, sent on trial the machine in question to one A. E. Small, in the city of Boston, Massachusetts.   Subsequently, one of plaintiff's sales-

men called on Small and procured from him the following order
for the purchase of the machine:

L. C. Smith & Bros. Typewriter Company.

P. C. Cramer, Salesman.

This order is subject to the
approval of the company.

Date approved, 9/30, 1907.

J. B. Hall, Manager.

Factory No. 29,642.

Entered 9/30, 1907.

Boston, Mass., Sept. 30, 1907.

Ship to Name, Bureau of Applied Information.

Address, 90 Canal.

Ship *via* ———— f. o. b.

L. C. Smith & Bros. Typewriter, Model No. 2, Type No.
1, Reg. Keyboard. Rubber.

For which we agree to pay
you the sum of One Hundred
Dollars, less 10 per cent, as follows: Cash, $90. ~~Note $ ——
each. Notes $———— each ————
dated ———— 190 and maturing
each 30 days apart. Exchange
machine ———— No. ———— Value
$————.~~

In case deferred payments, same to bear interest, and notes
are to be executed in your favor. The possession of above-
described goods and chattels by the vendee is not to be considered
evidence of ownership, but it is expressly agreed that the title
of all said property is to remain in you until full amount of pur-
chase price is paid. In case of default in any one of such pay-
ments above specified, or in case of removal of said goods or any
part thereof without your consent, or in the event I or we shall
mortgage or part with the possession, voluntarily or involunta-

rily, without your consent, of said property or any part thereof, you shall have the right to immediately resume possession of said property wherever it may be found, and remove the same, with or without process of law, and you may declare the agreement terminated, and may retain all moneys paid hereunder as liquidated damages and rental for said goods, in the event claim is placed in attorney's hands for collection, or, in the event of litigation, an attorney's fee of $10 and costs of suit shall be added thereto.

It is agreed that there is no other written agreement in connection with this contract. The signer agrees, by his signature hereto, that he is not a minor.

(Signed) Bureau of Applied Information,
by A. E. Small,
Address, 90 Canal street, City.

It appears that no part of the purchase price was paid by Small, who subsequently removed the machine from Boston to Washington. Small offered to sell the machine to appellant, defendant below. Before purchasing, however, defendant called up by telephone the local agent of plaintiff in this city and inquired if plaintiff had any claim against the machine. The agent called upon defendant with a list of the numbers of machines which had been reported to him by plaintiff as lost or stolen. After an examination, the agent told defendant that the records of his office showed nothing against the machine, but suggested that the transaction looked suspicious, and advised defendant not to buy the machine. Regardless of this suggestion, defendant purchased it. Shortly, thereafter this suit was brought for its recovery.

A trial before a justice of the peace resulted in a judgment for plaintiff. An appeal was taken to the supreme court of the District. On hearing the evidence, the court ruled that the title to the machine never passed from plaintiff, and directed the jury to return a verdict accordingly. From the judgment rendered thereon, the case comes here on appeal.

*Mr. Fred B. Rhodes, Mr. Andrew Wilson,* and *Mr. Noel W. Barksdale* for the appellant.

*Mr. H. Winship Wheatley* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Counsel for defendant relies upon the following assignments of error:

"The court erred as follows:

"1. In admitting in evidence the order without proof of approval by appellee, as required by its terms.

"2. In refusing to permit cross-examination of the witness Small by the appellant.

"3. In refusing to permit the witness Small to give a conversation with appellee's agent, whereby it was sought to set up a collateral agreement, and explain the object of the parties in executing the order.

"4. In refusing to admit the conversation of the parties at the time the order was signed, to the effect that the printed part of the order did not relate to this kind of transaction.

"5. In refusing to permit testimony as to the understanding of the order as between the parties.

"6. In refusing to admit in evidence the letter sent to Small by appellee.

"7. In refusing to admit in evidence the bill sent to Small by appellee.

"8. In refusing to submit the case to the jury on all the evidence."

It is insisted that the court erred in admitting the order in evidence without proof of its approval by the plaintiff. Plaintiff proved the signature of Small, but offered no proof of the signature of J. B. Hall, or of the fact that Hall was the manager of the plaintiff company, or authorized to approve contracts of this kind on behalf of the company. At the time of the purported sale, the typewriter was in the possession of Small. No formal delivery was required under the sale. The ac-

ceptance of the order by the plaintiff would be sufficient to constitute such a delivery. It is not clear, however, just how the defendant can avail itself of this objection. The order bears the signature of Small, defendant's vendor, and in that condition was turned over to the agent of plaintiff. For the purposes of this suit, where the plaintiff is here asserting its rights under the order, its receipt and acceptance by the plaintiff will be presumed. Acceptance by plaintiff was all that was necessary to make it a binding contract against Small and also against defendant, his vendee.

The case, therefore, resolves itself into an inquiry as to whether or not there was a sale, and, if so, did the title pass to Small, the vendee, or remain in the plaintiff as vendor? That there was a sale seems to be correctly conceded by all parties. With this conclusion we agree. It will be observed that the form of order here used contained a blank space for the insertion of the amount of the purchase price in the event of a cash sale, and spaces for the insertion of the amounts of the respective payments as evidenced by notes where the sale was made on time. An inspection of the order discloses that the space denoting a cash sale is filled in, while the other spaces are left blank, and all that portion relating to notes for deferred payments is erased by lines, indicating conclusively, so far as can be inferred from an inspection of the order itself, the intention of the parties that it should be a cash sale. Counsel for defendant offered at the time to establish this fact by oral testimony. The court refused to admit this evidence. This ruling is assigned as error. This assignment may be dismissed with the observation that, since we have found that the order on its face imports a cash sale, and are prepared to so consider it, the defendant was not prejudiced by the ruling of the court.

Counsel for defendant at the trial offered to prove that, at the time plaintiff's agent negotiated the sale with Small, he requested Small to sign the order for the purpose of enabling him to collect his commission from the plaintiff, stating that, after it had accomplished that purpose, it would not be worth the paper it was written on. A further offer was made to prove that

plaintiff's agent stated to Small, before signing the order, that the part of the order relating to deferred payments and the reservation of title in the vendor had no reference to a cash transaction, such as they were making, but referred only to a sale where notes were given for deferred payments. On objection by counsel for plaintiff, the court refused to admit this evidence. This ruling is assigned as error. The purpose of this evidence was to establish an unconditional cash sale, which vested the title in Small, and made him a mere debtor of plaintiff for the purchase price.

It is well settled that where a written instrument will admit reasonably of more than one construction or interpretation, as, for example, a deed intended to operate as a mortgage, oral testimony may be admitted in order to ascertain the real intent of the parties. *Tobriner* v. *White,* 19 App. D. C. 163. But it is equally well settled that where the instrument, upon its face, clearly sets forth in express terms an agreement between the parties, parol evidence will not be admitted to vary or contradict its terms. We think the order in question comes within the latter class. The sole purpose in introducing this purported conversation was to change the terms of the order. It was not, therefore, admissible to control the express written terms of the contract as set forth in the order.

A different and more stringent rule would apply in a case like the one at bar than where a collateral agreement between the real parties is sought to be introduced in explanation of the terms of a written contract. Here, the purported conversation did not occur between the plaintiff, the real vendor, and Small, the vendee; but between Small and the agent of the vendor. The order was signed by Small, according to the statement, with knowledge that it was to be used by the agent to perpetrate a fraud upon the plaintiff, who had no knowledge of the alleged conversation. Certainly, there is no equitable principle that would permit Small to avail himself of this evidence to escape the liability imposed by the express terms of the order. If the evidence is not available for Small, it is not clear, in the state of the record, how it can be used for the relief of defendant.

This leaves for our consideration the sole question, whether or not the sale was a conditional one, by the terms of which the title remained in the vendor until the purchase price had been fully paid. An examination of this order, which, in terms, is a contract, discloses that its provisions for the retention of the title in the vendor until payment apply to all sales under it; and, as it provides for both cash and time sales, these conditional terms must be held to apply to whichever one the parties may agree upon. It is well settled in this jurisdiction that a sale and delivery of personal property on condition that the title remain in the vendor until performance of the condition authorizes the vendor, in case of failure to fulfil the conditions, to repossess himself of the property, not only from the vendee, but from those holding under him. Our statute (D. C. Code, sec. 547 [31 Stat. at L. 1275, chap. 854]), relating to conditional sales, is the same in all respects as the statute of Massachusetts, where this sale occurred and the contract was made. Such a condition may exist either in the case of a sale for cash or on time.

Referring to a conditional sale for cash, the court, in *Ferguson* v. *Clifford,* 37 N. H. 86, said: "The general rule in such cases is, that the price must be paid before the property will pass, although conditional delivery may occur. If delivery take place, where payment is expected simultaneously therewith, it is in law made upon the condition precedent, that the price shall forthwith be paid. If this condition be not performed, the delivery is inoperative to pass the title to the property, and it may be instantly reclaimed by the vendor." It was also said in *Peabody* v. *Maguire,* 79 Me. 572, 12 Atl. 630: "It is equally well settled that, in the sale of personal property to be paid for by cash or by note on delivery, the payment of the money or the giving of the note is a condition precedent, and until that is done or waived, the title does not pass from the vendor. *Seed* v. *Lord,* 66 Me. 580; *Stone* v. *Perry,* 60 Me. 50; *Whitney* v. *Eaton,* 15 Gray, 225. If the delivery and payment were to be simultaneous, and the goods were delivered in the expectation that the price would be immediately paid, a refusal to make such payment would be such a failure on the part of the purchaser to

perform his part of the contract as would entitle the seller to put an end to it and reclaim his goods. In such case the delivery may be regarded as conditional, and, upon the purchaser's refusal to pay, the seller may at once reclaim the goods. The sale is not consummated, and the title does not vest in the purchaser."

This being the plain rule as to conditional sales for cash where the payment and delivery are intended to be simultaneous, what can be said where the vendee is already in possession of the chattel, and, by the express terms of a written contract, the title is to remain in the vendor until the consideration, though cash, is paid? The rule in such case is clearly expressed in Benjamin on Sales, 3d ed. sec. 320, as follows: "Where the buyer is, by the contract, bound to do anything as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer." These conclusions are fully supported in a most extensive review of the subject and a citation of authorities in the case of *Harkness* v. *Russell,* 118 U. S. 663, 30 L. ed. 285, 7 Sup. Ct. Rep. 51.

There was nothing before the court to consider but the reasonable construction of the order. It would have been the duty of the court to charge the jury as to the legal effect of the contract, which would have left no question of fact for the jury to consider. The contract is express in its terms. It is not ambiguous. It will not admit of two constructions. It needs no explanation to define its meaning or to show the intent of the parties. Hence, it would have been error to admit evidence to explain or contradict its terms and to give it a different significance than that which appears upon its face. There was no error in instructing the jury to return a verdict for plaintiff.

The judgment is affirmed with costs, and it is so ordered.

*Affirmed.*