## W. D. Honeycutt, Appellee, v. William Logg, Appellant.

## Gen. No. 5447.

1. AGENCY—*effect of representation of adverse interest.* If a person acts as agent of both principals whose interests are conflicting without the knowledge of either that he is acting for the other, his acts may be avoided by either principal.

2. SALES—*when title to personal property passes.* The rule established by the courts of this state is that in the sale of personal property when anything remains to be done to complete the contract, such as ascertaining the quantity or delivering possession, the title does not pass until these things are done.

Replevin. Appeal from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed March 16, 1911.

JOHN E. ERWIN, for appellant.

No appearance by appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

On the 15th day of February, 1910, William Logg had a public sale of personal property, including a crib of corn. The terms of sale were: $10 or under, cash, and over that amount, credit of one year on bankable notes. P. W. Mason acted as auctioneer and A. J. Fuller as clerk of the sale. The corn was first offered for sale in bulk, and there being no bids therefor, it was offered by the bushel. W. D. Honeycutt bid fifty-seven cents per bushel with the understanding that he could select a man, and Logg another, and whatever result they came to as to the number of bushels would be the amount to be paid for. On the day of the sale the auctioneer and clerk were paid for their services. The corn was not measured the day of the sale. Honeycutt claims that on the next morning he selected Fuller, and Logg selected Mason, to meas-

ure the corn. They measured the corn and determined that on the basis of 2½ cubic feet to the bushel there were 302 bushels. Appellant said that he would not accept these figures until he had somebody else to figure the amount of the corn. Appellee replied: "All right, satisfy yourself and I will settle for the corn." Appellant procured two persons to measure the corn, and their measurement on the basis of 2 cubic feet to the bushel showed that the crib contained 398½ bushels, and on the basis of 2½ cubic feet that it contained 320½ bushels, and Logg said he would not settle unless they used 2 cubic feet to the bushel instead of 2½. On the 17th of February a note executed by appellee and signed by another party as surety was handed to Fuller, but was not actually tendered to Logg, save that Fuller testified that he said to Logg that if he would accept it he would give it to him; that Logg said he would not take it and Fuller put it in his pocket. This was denied by Logg. The note was placed in the First National Bank of Amboy and never seen by Logg. Honeycutt made a demand on Logg for the corn, which was refused, and he brought this suit in replevin to recover possession of the corn before a justice of the peace of Lee county. On an appeal from the judgment before the justice to the Circuit Court of said county a trial resulted in a verdict finding the right of property in the corn in Honeycutt. From a judgment entered on that verdict Logg prosecutes this appeal.

Appellee claims that he selected Fuller and that appellant selected Mason to measure the corn. Appellant denied this. Mason also testified that he did not remember that he was selected or acted in that capacity for appellant. The evidence shows that Fuller was appellee's agent and that Mason was not the agent of appellant. If appellee relies upon the fact that Fuller, being the clerk at the sale, was appellant's agent in the measurement of the corn, this position is not tenable, for the proof is conclusive that Fuller

was paid for his services as clerk on the day of the sale, and if it were true that he had returned to appellant's premises on the morning of the day the crib was measured for the purpose of straightening out some of the details of the sale, in the absence of proof that he was especially authorized to represent appellant in the measurement of the corn, it cannot be held that he was appellant's agent. Moreover, if it were true that he was appellant's agent for that purpose, since the proof is conclusive that he was also appellee's agent, his action in the premises would not bind appellant, in the absence of proof of his approval thereof, for the reason that the interests of Fuller's principals were conflicting, and he could not be the agent for both parties in the same transaction. If he so acted, the contract may be avoided by either party. The People's Insurance Co. v. Paddon, 8 Ill. App. 447; Manchester Fire Assurance Co. v. Ins. Co. of the State of Illinois, 91 Ill. App. 609.

The proof shows that the difference of opinion between the parties as to which of two rules should be used in the measurement of the corn was never settled and the corn never delivered. Neither does the proof show that appellee ever tendered a note for the price of the number of bushels of corn found to be in the crib by parties authorized to measure the same. Therefore, there was still something to be done before the minds of the parties met.

The rule established by the courts of this state is that in the sale of personal property, when anything remains to be done to complete the contract, such as ascertaining the quantity or delivering possession, the title does not pass until these things are done. Low v. Freeman, 12 Ill. 467; O'Keefe v. Kellogg, 15 Ill. 347; Schneider v. Westerman, 25 Ill. 424; Frost v. Woodruff, 54 Ill. 155; Richardson v. Rardin, 88 Ill. 124.

In any point of view, we are satisfied that appellee acquired no such interest in the corn in question as

would authorize him to maintain replevin for its recovery.

Whether he had an action for a breach of the contract to deliver the corn is not for us to consider here. Neither is it, from the view we hold of the evidence, necessary to determine the contentions presented by other errors urged by appellant.

The judgment is reversed.

*Reversed.*

Finding of Facts: We find that appellee has no title to the personal property replevied by him in this suit.