BARNEY SILVER, in rep., vs. VINCENT G. MOORE.

Penobscot.    Opinion November 15, 1912.

*Abandonment.   Agent.   Breach of Contract.   Cash sale.   Contract of sale.*
*Delivery.   Replevin.   Tender.*

The plaintiff agreed with defendant's agent for the purchase of two cows from defendant for the sum of eighty-three dollars. He paid sixty dollars down and took one cow away with him. A few days later the parties had a conversation as to the balance due and the defendant refused to carry out the contract.

The plaintiff accordingly went to the defendant's premises with an officer and tendered the defendant the balance of the purchase price which the latter refused to accept. The plaintiff then took the cow upon a replevin writ. The money tendered was not brought into court.

*Held:*  1.  That in the absence of any agreement to the contrary as to the terms of payment, the law presumes a cash sale, that is a sale conditioned on payment concurrent with delivery.

2.  That the balance of the purchase price not having been paid, the title to the second cow had not passed to the plaintiff.

3.  That the tender of the balance due before suit brought, does not remove the difficulty because the tender was not kept good by bringing the money into court.

4.  That as the plaintiff had neither the title nor the right of possession, this form of action cannot be maintained.

On exceptions by plaintiff.   Overruled.

This is an action of replevin by vendee against the vendor to recover possession of a cow. Plea, general issue with brief statement alleging title to defendant.

The case is stated in the opinion.

*Thompson & Blanchard,* for plaintiff.

*Mayo & Snare,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, HALEY, JJ.

CORNISH, J. Action of replevin brought by vendee against vendor to recover possession of one cow. Plea general issue with a brief statement alleging title in defendant.

The transaction was as follows: The plaintiff accosted the defendant in relation to the purchase of cows, and the defendant turned the plaintiff over to his father as his agent. Together the plaintiff and the agent went to the defendant's barn and looked over the herd of six cows, and the agent gave the plaintiff the price of each. Finally, the plaintiff selected two and asked the price for both. The agent named ninety dollars, and the plaintiff offered eighty. After some haggling the agent said: "If you want them for eighty-three dollars you can have them." The plaintiff accepted the offer and paid sixty dollars down, for which a receipt was given in these words: "Received from Barney Silver sixty dollars on account for cows." The plaintiff took one cow away and left the other, the agent agreeing to keep her a few days until the plaintiff could send for her. Two days later the parties met and the following conversation took place according to the testimony of the plaintiff: "Vincent Moore says, 'Barney I owe you ten dollars,' and I says, to Mr. Moore, 'Perhaps you are mistaken, I owe you twenty-three dollars after I got him;' he says, 'You called the other one you took at fifty dollars and this one twenty-three dollars;' and I says, 'You don't know which one is worth fifty dollars and thirty-three dollars, perhaps this one is worth thirty-three dollars and the other fifty dollars.' He says, 'You can't have them anyway.'"

Soon after this the plaintiff went to the defendant's premises with an officer and tendered the defendant twenty-three dollars, the balance of the purchase price, which the latter refused to accept. The plaintiff then took the cow upon this replevin writ. The money tendered was not brought into court.

Upon this state of facts, the presiding Justice ordered a nonsuit, and we think the ruling was correct. The plaintiff did not have such title or right of possession as justified the suit.

There was no completed sale of the second cow. The only inference to be drawn from the evidence is that both parties intended this to be a cash sale. There was no mention of credit, and in the absence of an agreement or understanding between the

parties as to terms of payment, the law presumes a sale to be a cash sale, that is, a sale conditioned on payment concurrent with delivery. *Merrill v. Stanwood,* 52 Maine, 65; *Merrill Furniture Co.* v. *Hill,* 87 Maine, 17; *Berlaiwsky* v. *Rosenthal,* 104 Maine, 62. The defendant had delivered one cow and had received part payment for both. It is not to be presumed that he intended to deliver the other to the plaintiff until he received full pay therefor. This is not an action for breach of contract of sale, where the Statute of Frauds might be involved. If it were, the partial payment and the acceptance and receipt of a part of the goods would satisfy the Statute. A contract of sale, and a sale, are quite distinct although much confusion has arisen because the distinction has not been clearly kept in mind. The first is an agreement to transfer, the second is a transfer of title. The basis of an action for breach of contract of sale is that the title has not passed, and the seller has not done what he agreed to do. The basis of the present action is that the title to the whole has passed. As between the parties, the law holds the question of sale to be largely one of intention, to be gathered from all the circumstances of the case, and applying that test here it is apparent that the parties did not intend that title should vest in the vendee before the agreed price was fully paid. The relations of the parties, the conversation at the time the bargain was struck, the partial payment, the terms of the receipt given, and especially the statement of the plaintiff at the second interview, "I owe you twenty-three dollars after I get him," meaning the second cow, all negative the contention that the parties intended the title to pass until payment was completed. If the title had already passed, the plaintiff owed the twenty-three dollars even before he got the remaining cow.

Nor does the tender of the balance due, made by the plaintiff before suit brought, remove the difficulty, because the tender was not kept good by bringing the money into court. Before the plaintiff could get title to the cows he was obliged to fully pay for them, as it was a cash sale. Tender is not payment; it is merely an offer to pay. "Where the debt remains after the tender, a tender of money to be available to the party tendering, must be kept good, otherwise it is abandoned." 38 Cyc., p. 158. And when the party to whom the payment is due refuses to accept it, the tendering party

must place the amount in custodia legis so that it can be had upon request, otherwise he cannot maintain his action. *McPheters* v. *Kimball,* 99 Maine, 505.

The plaintiff claims that the defendant waived the tender by refusing to accept the proffered sum, citing several authorities as sustaining the proposition, viz., *Mattocks* v. *Young,* 66 Maine, 459; *Duffy* v. *Patten,* 74 Maine, 396; and *Lowe* v. *Harwood,* 139 Mass., 133; but the distinction between those cases and that at bar is clear. In the cited cases, the action was brought on a breach of contract, which provided for a preliminary tender. The court held that the party's announcement in advance that he would not receive the tender if made and his refusal to perform the contract avoided the necessity of making a tender which would have been an idle and useless ceremony. But that is not this case. Here the tender was made, but was ineffective.

The plaintiff's right of action must rest on his title to the property, and his title is based on his payment therefor. The defendant's refusal to accept the balance of the purchase price might render him liable for breach of contract to sell and deliver, but it could not be regarded as a substitute for the payment itself so as to transfer the title to the property bargained for. In other words, a refusal to sell cannot be construed to be a sale, nor can a refusal to accept the purchase price be regarded as its acceptance.

*Exceptions overruled.*