The FRAME STATION, INC., d/b/a Framemakers IV, Petitioner,

v.

INDIANA DEPARTMENT OF STATE REVENUE, Respondent.

No. 49T10–9801–TA–8.

Tax Court of Indiana.

July 15, 2002.

Joseph P. Murdock, Smith & Murdock, Indianapolis, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Linda Villegas, Deputy Attorney General, Indianapolis, IN, Attorneys for the Respondent.

FISHER, J.

The Frame Station, Inc., d/b/a Framemakers IV (Framemakers), appeals the December, 1, 1997 determination of the Indiana Department of State Revenue (Department) denying Framemakers' claim for a $9,155.54 sales and use tax refund for the 1993–1995 tax years. The sole issue is whether Framemakers' sale of

custom-framed art constitutes a "retail unitary transaction" and is thereby subject to Indiana's gross retail and use tax (sales tax).

For the following reasons, the Court holds that Framemakers' transactions are taxable and therefore AFFIRMS the Department's final determination.

## FACTS AND PROCEDURAL HISTORY

Framemakers provides custom framing services. Specifically, it frames its customers' art in frames that it has built or special ordered. When Framemakers bills its customers, it records separate subtotals on the invoices: one for the service of framing the art and the other for the frame itself.

During the tax years in question, Framemakers' customers paid no money in advance for custom framing. Rather, they paid a total price for the framing service and frame when they picked up the completed project. At that time, Framemakers collected sales tax only on the price of the frame itself, not on the price for framing the art.

As a result of a subsequent audit, the Department determined that Framemakers' custom framing services were also subject to sales tax because both the sale of the frame and the service of framing the art constituted a "retail unitary transaction" under Indiana Code Section 6–2.5–4–1(e). Consequently, the Department submitted a Demand Notice for Payment to Framemakers for sales and use tax, penalties, and interest in the amount of $9,155.54 for the 1993–1995 tax years.

Framemakers protested the proposed assessment. The Department held a hearing on July 31, 1997 and subsequently denied Framemakers' protest. Framemakers paid the assessment and filed a claim for a refund, which the Department denied on December 1, 1997. Framemakers appealed the denial to this Court. A trial was held on September 24, 1998. The parties presented oral arguments on May 24, 1999. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ The Court reviews final determinations of the Department de novo and is not bound by the evidence or the issues presented at the administrative level. *Salin Bancshares, Inc. v. Indiana Dep't of Revenue*, 744 N.E.2d 588, 591 (Ind. Tax Ct.2000). Although a statute that imposes a tax is strictly construed against the State, the burden of proving that a proposed assessment is wrong rests with the person against whom the proposed assessment is made. *Clifft v. Indiana Dep't of Revenue*, 748 N.E.2d 449, 452 (Ind. Tax Ct.2001).

### Discussion

■ The sole issue is whether Framemakers' custom-framing transactions constitute retail unitary transactions. A unitary transaction "includes all items of personal property and services which are furnished under a single order or agreement and for which a total combined charge or price is calculated." IND.CODE § 6–2.5–1–1(a) (1998). However, as defined, a unitary transaction provides no basis for taxation. *See id; see also Indiana Dep't of State Revenue v. Martin Marietta Corp.*, 398 N.E.2d 1309, 1312 (Ind.Ct.App.1979) (citing Op. Att'y Gen. No. 5, 10–12 (1972)). Rather, the legislature imposes sales tax on any unitary transaction that is a retail transaction, i.e., a "retail unitary transaction." IND.CODE §§ 6–2.5–1–2(b); 6–2.5–4–1(e) (1998). A retail unitary transaction is taxable to the extent that income from the transaction represents

(1) the price of the property transferred ... and (2) ... any bona fide charges which are made for preparation, fabrication, alteration, modification, finishing, completion, delivery, or other service performed in respect to the property transferred *before its transfer* and which are separately stated on the transferor's records.

IND.CODE § 6–2.5–4–1(e) (emphasis added). In other words, Indiana Code Section 6–2.5–4–1(e) permits the imposition of sales tax on otherwise non-taxable services when the services are performed with respect to property prior to the transfer of the property to the transferee. *Cowden & Sons Trucking, Inc. v. Indiana Dep't of State Revenue*, 575 N.E.2d 718, 722 (Ind. Tax Ct.1991) (holding that a retail unitary transaction exists when the transfer of the property and rendition of services are "inextricable and indivisible"); *Martin Marietta*, 398 N.E.2d at 1311.

Accordingly, the issue in the instant case turns on whether Framemakers' services were performed *before* or *after* it transferred property to its customers. Framemakers argues that it frames a customer's art *after* it transfers the frame to the customer, and therefore its services are not subject to sales tax. The Department, however, contends that Framemakers frames a customer's art *before* it transfers the frame to the customer.

At trial, Framemakers' owner, Uldis E. Augenberg, testified that he considers a transaction to be "made" when customers order a custom frame for their art. (Trial Tr. at 14.) Hence, Framemakers claims that it performs its services after it transfers the frame to the customer. (*See* Pet'r Reply Br. at 4.) The Court disagrees.

 The transfer of property occurs when the buyer (1) agrees to buy property from a seller, (2) pays the purchase price, and (3) takes ownership and possession of the property.[1] *See Webb v. Clark County*, 87 Ind.App. 103, 159 N.E. 19, 20–21 (1927). In this case, the evidence shows that customers pay the total price for their framed art when they pick it up, after all framing services have been performed.[2] (Pet'r Exs. 1–3, 10, 13; Trial Tr. at 25, 37.) Therefore, Framemakers' services are performed prior to the transfer of property and constitute taxable retail unitary transactions under Indiana Code Section 6–2.5–4–1(e). *See* I.C. § 6–2.5–4–1(e); *see also Cowden*, 575 N.E.2d at 722; *Martin Marietta*, 398 N.E.2d at 1311. Thus, the Court AFFIRMS that the Department's imposition of sales tax against Framemakers' service charges.

### CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Department's final determination.

---

1. Framemakers also argues that its custom frames are not retail unitary transactions because it computes separate subtotals for its frames and its services on its customer invoices. The Court finds no merit in Framemakers' argument. The legislature "did not intend to subject transactions to taxation depending on a method of computation." *Indiana Dep't of State Revenue v. Martin Marietta Corp.*, 398 N.E.2d 1309, 1312 (Ind.Ct. App.1979). Accordingly, Framemakers' method for computing the total price of a custom frame job is irrelevant to whether its services are part of a retail unitary transaction.

2. Framemakers introduced into evidence an invoice for the repair of a customer's damaged frame. (Pet'r Ex. 4.) The Department, however, concedes that the repair of a customer's frame is a non-taxable service. (Oral Argument Tr. at 26.)